**ORIGINAL**

AKOP KANTRDZHYAN[1]
A71-140-115
San Diego Detention Center (CCA)
PO Box 439049
San Ysidro, CA 92143-9049

FILED
2008 JAN -2 AM 11: 15
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKOP KANTRDZHYAN, [A71-140-115], <br><br> Petitioner, <br><br> v. <br><br> MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN GARZON, OFFICER-IN-CHARGE, <br><br> Respondents. | Civil Action No. 08 CV 0001 LAB RBB <br><br> PETITION FOR WRIT OF HABEAS CORPUS <br><br> [28 U.S.C. § 2241] |

I.

## INTRODUCTION

The petitioner, Akop Kantrdzhyan, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

///

---

[1] The petitioner is filing this petition for a writ of habeas corpus with the assistance of James Fife and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. John Garzon is the officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "respondents"). He is detained under Respondents' behest and supervision at the detention facility in San Ysidro, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's ("ICE") misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

The Petitioner is a native of Armenia. He has been ordered removed by the Respondents after he sustained criminal convictions. However, Respondents have been unsuccessful for **over six years** in obtaining travel documents allowing petitioner to be returned to Armenia. The Armenian officials have consistently and recently refused to issue travel documents on the grounds there is no record of Petitioner's being an Armenian citizen. Since Petitioner cannot be removed to his destination country or any other alternate country, he is being held by the respondents based upon a misconstrual of their statutory authority

to indefinitely detain non-removable aliens under 8 U.S.C. § 1231(a)(6) and in violation of the Supreme Court's holding in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

The Petitioner was born in Armenia on March 9, 1979. He came to the United States in 1992, when he was 13 years old, on an immigrant visa, along with his parents and brother. He was given permanent resident status in 1994.

The Petitioner was ordered removed to Armenia on April 2, 2001, following a conviction for grand theft. Petitioner waived appeal. <u>See</u> <u>id.</u> His order of removal therefore became final as of that date. <u>See</u> 8 C.F.R. § 1241.1(b) (removal order final if alien waives appeal). Petitioner was released on an order of supervision on July 3, 2001. He returned to Respondents' custody in 2003 and 2005, following convictions for possession of a firearm and theft. He was released on supervision on both occasions, since ICE was unable to obtain travel documents to Armenia.

Petitioner returned to ICE custody on **July 16, 2007.** He has been in the continuous detention for nearly six months. ICE conducted a Post-Order Custody review and decided on **October 25, 2007,** to continue detention. However, Petitioner is not removable to Armenia, whose government has repeatedly refused repatriation. As far back as February 2004, the consulate general of Armenia refused travel documents for Petitioner because of lack of documentation that Petitioner is a citizen. <u>See</u> Appendix A, attached hereto. Just two months ago, the consulate confirmed its settled view that Petitioner is not entitled to travel documents and once again refused repatriation. <u>See</u> Appendix B, attached hereto. Thus, Petitioner remains in custody, although there is **no significant likelihood he can be removed** by ICE to Armenia or any alternative destination in the reasonably foreseeable future.

///

///

///

# IV.

# ARGUMENT

## THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.

Federal law requires the Attorney General to remove a deportable alien from the United States within a ninety-day period after an immigration judge's order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day removal period, however, when he determines that the person in question would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

In Zadvydas, 533 U.S. at 689, the Supreme Court held that 8 U.S.C. § 1231(a)(6) only authorizes a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal or deportation, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in Zadvydas, "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal–that is, *three months* after the statutory removal period has ended") (emphasis in original). When a deportable alien "provides *good*

4

*reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future*, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701 (emphasis added). Federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id.; see also Ma, 257 F.3d at 1100 (concluding that federal law does not permit the Attorney General to hold someone "for more than a reasonable period" beyond the ninety-day statutory removal window, and mandates release of the alien under 8 U.S.C. § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future").

The Zadvydas court erected a "presumptively reasonable" six-month detention period during which the federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C. § 1231. Zadvydas, 533 U.S. at 701; see also Ma, 257 F.3d at 1102 n.5. However, Zadvydas held that a detainee cannot be held beyond a period "reasonably necessary" to accomplish his or her removal from the United States. Zadvydas, 533 U.S. at 699. When that removal is no longer foreseeable, the authority to detain is lost: "Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. See 1 E. Coke, Institutes *70b ('*Cessante ratione legis cessat ipse lex*') (the rationale of a legal rule no longer being applicable, the rule itself no longer applies)." Id.

Petitioner has been detained by Respondents since July 16, 2007, **nearly six months**, and was ordered deported over six years ago, in April 2001. Petitioner's detention has exhausted the reasonable detention period announced in Zadvydas, and release is mandated. Although Petitioner was born in Armenia, the Armenian officials consistently state that documentation of Petitioner's citizenship status does not exist, and therefore they refuse to issue travel documents. See Appendices A & B.

There is no likelihood that Petitioner's destination country, or any alternative destination, will grant repatriation in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future"). Therefore, the Petitioner **must** be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. at 700-01.

### V.

### REQUESTED RELIEF

The Petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

### VI.

### VERIFICATION

I, Akop Kantrdzhyan, hereby verify that the facts contained in the instant petition are true and correct.

Respectfully submitted,

Dated: 12/27/07

_____
AKOP KANTRDZHYAN
Petitioner

# Appendix A



## CONSULATE GENERAL OF THE REPUBLIC OF ARMENIA
50 NORTH LA CIENEGA BOULEVARD, SUITE 210, BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 657-6102, 657-7320    FACSIMILE: (310) 657-7419

27.02.2004

Mr. Akop Kantrdzyan
17695 Industrial Farm Rd.
Bakersfield, CA. 93308

Dear Mr. Kantrdzyan

In response to your letter dated February 19, 2004 we would like to inform you that Consulate General of Armenia in Los Angeles denies to issue a travel document for you. The reason for denying a Travel document for you is the absence of relevant record that can prove your Armenian citizenship.

Sincerely,

Kristine Panosyan

Vice consul

# Appendix B



# CONSULATE GENERAL OF THE REPUBLIC OF ARMENIA

50 NORTH LA CIENEGA BOULEVARD, SUITE 210, BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 657-6102    FACSIMILE: (310) 657-7419

October 26, 2007

Mr. Akop Kantrdzhyan
A 71 140 115
San Diego Correctional Facility
P.O. Box 439049
San Diego CA 92143
A/B/101

Dear Mr. Kantrdzhyan:

In response to your letter dated October 22, 2007 we would like to inform you that the Consulate General of Armenia in Los Angeles denies to issue a travel document for you.
The reason for denying a travel document for you is the absence of relevant record that can prove your Armenian citizenship.

Sincerely,

Artur Madoyan
Consul

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Akop Kantrdzhyan
SAN DIEGO DETENTION CENTER (CCA), P.O. Box 439049
San Ysidro, CA 92143

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

**DEFENDANTS** 2008 JAN -2 AM 11: 15
MICHAEL CHERTOFF, et al. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

08 CV 0001 LAB RBB

County of Residence of First Listed Defendant: SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) (619) 557-5662
KAREN P. HEWITT, U.S. ATTY
ATTN: CIVIL PROCESS CLERK
880 FRONT STREET, SAN DIEGO, CA 92101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2241

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 12/31/07
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____