# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKOP KANTRDZHYAN,<br><br>                  Petitioner,<br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, MICHAEL MUKASEY, Attorney General, ROBIN BAKER, Director of San Diego Field Office, Bureau of Immigration and Customs Enforcement, JOHN GARZON, Officer-in-Charge,<br><br>                  Respondents. | CASE NO. 08CV0001-LAB (RBB)<br><br>**ORDER TO SHOW CAUSE** |

       Petitioner Akop Kantrdzhyan has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), as well as a motion for appointment of counsel.

       Under 28 U.S.C. § 2241, the Court may appoint counsel for an indigent habeas petitioner when the interests of justice so require. In order to make this decision, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Having evaluated the petition, the Court believes Petitioner stands a fair likelihood of success on the merits. However, the Court cannot conclude Petitioner lacks the ability to articulate his claims *pro se*.

In this case, Petitioner says he was ordered removed in 2001 following conviction for grand theft, and does not contest his removal. He was released on an order of supervision but was returned to custody following convictions for two other crimes. He has allegedly been held in custody for more than six months. His first language is Armenian, although he has been in the United States since 1992 and speaks English. Like most habeas petitioners, he lacks formal legal training. There is no indication in Petitioner's motion or the supporting declaration that any particularly difficult factual or legal issues may arise, at least not in the early stages of litigation. Petitioner is aware of the facts surrounding his convictions following the removal order, and there is no suggestion of any more difficult issues. *See, e.g.*, *Tuan Thai v. Ashcroft*, 366 F.3d 790, 794–97 (9th Cir. 2004) (discussing unusual circumstances under which indefinite detention might be authorized) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

Petitioner says his removal has been delayed by federal officials' inability to obtain travel documents, because records of Petitioner's Armenian citizenship appear to be missing. The process of removing Petitioner may therefore be complex. The responsibility for this, however, falls on the government. Petitioner makes reference to the need for discovery concerning the likelihood of his removal in the near future, and for expert review of his alien registration file. It is, however, not clear these tasks are a necessary part of effective litigation of this matter. Federal officials' prospects for successfully removing Petitioner in the future do not appear to have any bearing on whether he is entitled to be released in the meantime. Nor is it clear at this time that an evidentiary hearing will be required, as Petitioner suggests.

Assuming Petitioner prevails, he may require the assistance of counsel to negotiate bond or other terms of release. However, at this time there is no indication this petition would be particularly difficult for Petitioner to pursue *pro se*. Petitioner's application for appointment of counsel is therefore **DENIED WITHOUT PREJUDICE**. Should more complex issues arise later in this case, Petitioner may renew his motion at that time.

**IT IS HEREBY ORDERED** Respondents shall show cause why the Petition should not be granted through a Return filed and served on or before *February 15, 2008*. The Return shall include a memorandum of law and fact fully stating Respondents' position and recommendations as to the

- 2 -

08CV0001

1  need for this Court to conduct an evidentiary hearing on the merits of the Petition; copies of all
2  pertinent filings, orders of the agencies, trial courts, and appellate courts relating to the case; and a
3  transcript of the proceedings relevant to this case.  If Respondents provide government agency
4  computer printouts (such as "Custody Summary Inquiries" or "EOIR Data Inquiries" or "Case
5  Summaries"), Respondents shall also include in the Return an adequate explanation of the codes and
6  information contained in the printouts relied upon.

7  **IT IS FURTHER ORDERED** that if Petitioner wishes to reply to the Return, Petitioner must
8  file and serve a Traverse on or before ***March 18, 2008.***  Upon receipt of the Traverse, or upon
9  expiration of the deadline to file a Traverse, the matter will be deemed under submission absent further
10 order of the Court.

11 **IT IS SO ORDERED**.

12 DATED:  January 18, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge