1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10  AKOP KANTRDZHYAN                 )      Case No. 08cv0001-LAB (RBB)
                                     )
11                 Petitioner,       )
                                     )      TABLE OF CONTENTS FOR EXHIBITS IN
12        v.                         )      SUPPORT OF GOVERNMENT'S RETURN IN
                                     )      OPPOSITION TO PETITION FOR WRIT OF
13  MICHAEL CHERTOFF, Secretary of the )    HABEAS CORPUS
    Department of Homeland Security, et al., )
14                                   )
                   Respondents.      )
15  _____  )

16        Exhibits                                              Pages

17    Declaration of Raven M. Norris                              11

18    Exhibit A:    Record of Deportable/Inadmissible Alien     12-13

19    Exhibit B:    Notice to Appear                            14-15

20    Exhibit C:    Additional Charges of Removability          16-19

21    Exhibit D:    Order of Immigration Judge                  20-22

22    Exhibit E:    2001 Post Order Custody Review Worksheet    23-30

23    Exhibit F:    Decision of Post Order Custody Review       31-34

24    Exhibit G:    2003 Record of Deportable/Inadmissible Alien 35-36

25    Exhibit H:    Notice to Alien of Release Revocation       37-39

26    Exhibit I:    2004 Decision to Continue Detention         40-42

27    Exhibit J:    Release Notification                        43-51

28

<TABLE OF CONTENTS FOR EXHIBITS>

TABLE OF CONTENTS FOR EXHIBITS (Continued)

| Exhibits | | Pages |
|---|---|---|
| Exhibit K: | 2005 Record of Deportable/Inadmissible Alien | 52-54 |
| Exhibit L: | Decision to Release on Prior Conditions | 55-64 |
| Exhibit M: | Order of Supervision | 65-68 |
| Exhibit N: | Notice of Revocation of Release | 69-70 |
| Exhibit O: | 2007 Record of Deportable/Inadmissible Alien | 71-76 |
| Exhibit P: | 2007 Decision to Continue Detention | 77-79 |
| Exhibit Q: | Declaration of Yuriy Mikhaylov | 80-82 |
| Exhibit R: | E-mail Regarding Status Update for Kantrozyan | 83-85 |
| Exhibit S: | 2008 Decision to Continue Detention | 86-87 |
| Exhibit T: | Order Granting Motion for Reconsideration | 88-96 |

08cv0001_00010

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No.  232868
   880 Front Street, Room 6293
4  San Diego, California 92101-8893
   Telephone: (619) 557-7157
5
   Attorneys for the Respondents
6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 AKOP KANTRDZHYAN,              )    Case No. 08 cv 0001- LAB (RBB)
                                  )
11              Petitioner,       )
                                  )    DECLARATION OF RAVEN M. NORRIS
12      v.                        )
                                  )
13 MICHAEL CHERTOFF, Secretary of the )
   Department of Homeland Security, et al., )
14                                )
                Respondents.      )
15 _____ )

16 I, Raven M. Norris, declare and state as follows:

17      1.     I am employed by the United States Attorney's Office, Southern District of California,

18 as an Assistant United States Attorney.  My current employment address is 880 Front Street, Room

19 6293, San Diego, California, 92101.  I am the attorney assigned to the above-captioned matter.

20      2.     I obtained a copy of the documents, lettered Exhibits A-P, S, of which a true copy

21 accompanies the Government's Return in Opposition to Petition for Writ of Habeas Corpus in this case,

22 by mail from ICE Officer Hayes in response to my request for Forms I-213, the Notice to Appear, all

23 immigration judge hearings and decisions, all Board of Immigration decisions, and all custody orders

24 and decisions.

25      I declare under penalty of perjury under the laws of the United States that the foregoing is true

26 and correct to the best of my knowledge.

27      Signed this 26th day of February, 2008, in San Diego, California.

28                          s/Raven M. Norris
                            RAVEN M. NORRIS

1 | KAREN P. HEWITT
United States Attorney
2 | RAVEN NORRIS
Assistant U.S. Attorney
3 | California State Bar No. 232868
Office of the U.S. Attorney
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-7157
E-mail: Raven.Norris@usdoj.gov
6 |
7 | Attorneys for Respondents
8 |                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF CALIFORNIA
9 |
10 | AKOP KANTRDZHYAN                )     Case No. 08cv0001-LAB (RBB)
                                    )
11 |              Petitioner,        )
                                    )     2001 RECORD OF
12 |       v.                        )     DEPORTABLE/INADMISSIBLE ALIEN
                                    )
13 | MICHAEL CHERTOFF, Secretary of the )
Department of Homeland Security, et al., )
14 |                                 )
              Respondents.          )
15 | _____)

16 |

17 |

18 |

19 |

20 |

21 |                         EXHIBIT A

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**U.S. Department of Justice**
Immigration and Naturalization Service

**Record of Deportable/Inadmissible Alien**

| CONTROL Name (Last, First, Middle) | | | | | Aliases |
|---|---|---|---|---|---|
| Kantrozyan, | | Akop Jack | | | Varhe VALIAN, Sephan GYUNTYAN |

| Birthdate | Age | Marital Status | Widowed | File Number | Name of Last/Current U.S. Employer |
|---|---|---|---|---|---|
| 03/09/79 | 22 | ☒ Single ☐ Separated | ☐ Married ☐ Divorced | A71 140 115 | |

| Sex | Hair | Eyes | Complexion | Height | Weight | Scars or Marks | Address of U.S. Employer |
|---|---|---|---|---|---|---|---|
| M | Blk | Bro | Med | 5'6" | 180 | | |

| U.S. Address/Mail (Number) (Street) | (City) | (State) (ZIP CODE) | Type of Employment |
|---|---|---|---|
| 1063 Raymond Ave #210 | GlendaleIn | CA | |

| Alien's Telephone # | Date of Action | Location Code | Salary | From: | To: |
|---|---|---|---|---|---|
| | 02/26/01 | LOS | | hr. | |

| City, Province (State) and Country of Birth | Country of Citizenship | Passport Number and Country of Issue |
|---|---|---|
| Kirovokan, Armenia | Armenia | unk |

| Date, Place, Time, and Manner of Last Entry/Attempted Entry | Status at Entry | Length of Time Illegally in U.S. | Status When Found |
|---|---|---|---|
| 08/23/94, LOS, | LPR | | Agg. Felon |

| Foreign Address/Residence (Number, Street, City, Province (State), Country) | Arrived From/Boarded At |
|---|---|
| 81 Oganyan #20, Kirovokan, Armenia | |

| Method of Location/Apprehension | At/Near | Date & Hour | Apprehended by |
|---|---|---|---|
| Eurasian Organized Crime Task Force | Glendale (LOS) | | LA 150 |

| Visa # ☐ NIV ☐ IMM ☐ None | Date of Visa Iss./Loc. | Name on Social Security Card | Social Security No. |
|---|---|---|---|
| | | Akop Kantrdzhyan | 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 |

| Name, Address, and Nationality of Spouse (Maiden Name, if appropriate) | Number & Nationality of minor Children |
|---|---|
| none | none |

| Father's Name and Nationality and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| Vardan Kantrdzhyan, Armenian, Glendale | Asmik Gadyan, Armenian, Glendale |

| Monies Due/Property in U.S. Not in immediate possession | Record Checks Completed    None ☐    Other (specify) | F.B.I. No. |
|---|---|---|
| ☐ None Claimed    ☐ See Form I-43 | ☒ CIS ☐ RCS ☐ NIC ☐ RBS ☐ OASIS ☐ STSC ☐ | 104496XA7 |

| Deportation Charge(s) | | Exclusion Ground(s) |
|---|---|---|
| 237 (a) ( 2 )( A )( iii ); 237 (a) ( )( )( ); 237 (a) ( )( )( ); | | 212 (a) ( )( )( ); 212 (a) ( )( )( ) |

| Place a check on the appropriate box(es) if any of the following actions were completed: | DACS Citation(s) |
|---|---|
| ☐ Doc Lifted    (No.)    ☒ Fingerprinted    Photographed    I-217 Executed | R2A3 |

| Special Programs | Fraudulent Documents | Criminal Record: ☒ Yes ☐ No | Immigration Record: Yes ☒ No ☐ |
|---|---|---|---|
| ☐ OCDETF ☐ Sanctions ☐ Grandfathered Alien ☐ SAW | ☐ Sanctions ☐ Other | ☒ CA ☐ CO ☐ SR ☒ AF | ☐ Prior Deport. ☐ Prior VR |

| Smuggled Alien ☐ Claimed ☐ Verified | Assistance in Apprehension | A list of free legal services has been provided: |
|---|---|---|
| ☐ Land ☐ Water ☐ Aircraft | ☐ Sensors ☐ Observation Aircraft ☒ K-9 Patrol ☐ Horse Patrol ☐ All Terrain Vehicle ☐ Other Observation Device (specify) | ☒ Yes ☐ No (formal proceedings were not instituted) |

| Contraband: ☐ Narcotics ☐ Weapons ☐ Currency ☐ Other | Funds in Possession | Alien Initial | Date |
|---|---|---|---|

Alien has been advised of communication privileges pursuant to 8 CFR 242.2(g).     Initial _____     Date _____

Narrative: Include details not shown above and whether or not eligible for special status program (e.g., TPS, etc.)

Subject is a native and citizen of Armenia.  Subject arrived in the US on 08/19/92 as a Public Interest Parolee.  Subject adjusted to Permanent Residence Status on 08/23/94.

Subject has an extensive juvenile and adult criminal record.  Subject is a member of Armenian Pride (AP).

Subject was convicted of the following crimes as an adult:  On 12/09/97, of Burglary, in violation of California PC Section 459, in the Superior Court of Los Angeles (Pasadena), case number GA033598, and sentenced to 123 days in jail; on 10/15/97, of Shooting At Inhabited Dwelling, in violation of California PC Section 245 (B), in the Superior Court of Los Angeles (Van Nuys), case number LA028483, and sentenced to 365 days in jail; on 07/23/98, of False Personation of Another: Special Circumstances, in violation of California PC Section 529, in the Superior Court of Los Angeles (Pasadena), case number GA035938, and sentenced to 16 months in prison; on 11/10/99, of Burglary, in violation of California PC Section 459, in the Superior Court of Los Angeles (Pasadena), case number GA039140, and sentenced to 365 days  in jail; on 12/03/99, of Reveive Known Stolen Property, in violation of California PC Section 496 (A) , in the Superior Court of Los Angeles (Pasadena), case number GA040933, and sentenced to 81 days jail.

Special Agent Ken Strickland

| ☐ Continued on attached continuation page | (Signature and Title) |
|---|---|

| DISTRIBUTION | Received (subject and documents) (report of interview) from |
|---|---|
| 1-file | Officer: Ken Strickland |
| | Disposition    Request NTA and WA |
| | (Receiving Officer)    SSA Jeff Cotter |

Date: 2 / 25  19  1    at _____

Form I-213

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN                    )    Case No. 08cv0001-LAB (RBB)
                                        )
11              Petitioner,             )
                                        )    NOTICE TO APPEAR
12      v.                              )
                                        )
13  MICHAEL CHERTOFF, Secretary of the  )
    Department of Homeland Security, et al., )
14                                      )
              Respondents.              )
15  _____ )

16

17

18

19

20

21                         EXHIBIT B

22

23

24

25

26

27

28

**U.S. Department of Justice**

**Immigration and Naturalization Service**

# Notice to Appear

In removal proceeding under section 240 of the Immigration and Nationality Act.

File No. **A71 140 115**

In the Matter of:

Respondent: **Mr. Akop Jack KANTROZYAN**

2001 Seaside Avenue
San Pedro, CA 90731
<small>(Number, street, city, state and ZIP code)</small>

(310) 732-0777
<small>(Area code and phone number)</small>

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States, who has not been admitted or paroled.

☑ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of Armenia and a citizen of Armenia;
3. You were admitted to the United States at Los Angeles, California, on or about August 19, 1992 as an immigrant;
4. You were on or about November 10, 1999, convicted in the Superior Court of the State of California, County of Los Angeles, for the offense of Burglary, in violation of Section 459 of the California Penal Code;

5. For that offense you were sentenced to confinement for a period of 365 days;

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(g) of the Act.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

**DATE, TIME AND PLACE TO BE SET**

<small>(Complete Address of Immigration Court, Including Room Number, if any)</small>

on _____ at _____ to show why you should not be removed from the United States based on the
<small>(Date)</small>              <small>(Time)</small>

Charge(s) set forth above.

_Frank E. Johnston_

Deputy Assistant District Director, Investigations
<small>(Signature and Title of Issuing Officer)</small>

**Los Angeles, California**
<small>(City and State)</small>

Date: **March 6, 2001**

**See reverse for important information**

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10 AKOP KANTRDZHYAN                )      Case No. 08cv0001-LAB (RBB)
                                   )
11            Petitioner,          )
                                   )
12        v.                       )      ADDITIONAL CHARGES OF
                                   )      REMOVABILITY
13 MICHAEL CHERTOFF, Secretary of the )
   Department of Homeland Security, et al., )
14                                 )
              Respondents.         )
15 _____)

16

17

18

19

20

21                      EXHIBIT C

22

23

24

25

26

27

28

U.S. Department of Justice
Immigration and Naturalization Service                    Additional Charges of Removability

---

UNITED STATES OF AMERICA:                          File No. 71 140 115

In the Matter of                        )
                                        )       In Removal Proceedings under
                                        )       Section 240 of the Immigration
                                        )       and Nationality Act
AKOP Jack KANTRDZYAN                     )
                                        )
                                        )
Respondent                              )
                                        )       ADDITIONAL CHARGES
                                        )       OF REMOVABILITY
                                        )

To:___AKOP Jack KANTRDZYAN_____
             (Name)

There is hereby lodged against you the additional charge(s) that you are subject to be taken into custody and removed pursuant to the following provision(s) of law:

**Please add charges under § 237(a)(2)(A)(ii) § 237(a)(2)(C) and amend the charge under § 237(a)(2)(A)(iii), as follows: )**

**Section 237(a) (2) (A) (ii)** of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

**Section 237(a)(2)(A)(iii)** of the Immigration and Nationality Act, as amended, in that at any time after admission, you have been convicted of an aggravated felony as defined in **§ 101(a)(43) (F)** of the Act.

**Section 237(a) (2) (C)** of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18, United States Code).

In support of the additional charge(s) there is submitted the following factual allegation(s) in addition to those set forth in the notice to appear:

**Added Allegations:**
*(Please replace alll allegations of the original NTA, as follows:)*

1.  You are not a citizen or national of the United States.

2.  You are a native of Armenia and a citizen of Armenia.

U.S. Department of Justice
Immigration and Naturalization Service                    Additional Charges of Removability

3.  You were paroled into the United States at New York, New York on August 19, 1992 as a refugee.

4.  On August 23, 1994, your status was adjusted to that of a permanent resident of the United States, retroactively to August 19, 1992.

5.  You were convicted on December 9, 1997 in the Superior Court of the State of California, County of Los Angeles of the offense of vehicular burglary, committed April 13, 1997, in violation of § 459 of the California Penal Code.

6.  You were convicted on April 22, 1998 in the Superior Court of the State of California, County of Los Angeles of the offense of Shooting at an Inhabited Dwelling or Vehicle, committed on October 15, 1997, in violation of § 246 of the California Penal Code.

7.  For that offense, you were sentenced to confinement for a period of three years (suspended).

8.  You were convicted on July 7, 1998 in the Superior Court of the State of California, County of Los Angeles of the offense of False Personation, committed January 19, 1998 through March 22, 1998, in violation of § 529 of the California Penal Code.

9.  You were convicted on November 10, 1999 in the Superior Court of the State of California, County of Los Angeles of the offense of Vehicular Burglary, committed on August 28, 1997, in violation of § 459 of the California Penal Code.

10. You were convicted on December 3, 1999 in the Superior Court of the State of California, County of Los Angeles of the offense of Receiving Stolen Property, committed October 15, 1999, in violation of § 496 of the California Penal Code.

11. These offenses did not arise out of a single scheme of criminal misconduct.

March 30, 2001
Date

Richard G. Vinet
Assistant District Counsel

U.S. Department of Justice
Immigration and Naturalization Service

Additional Charges of Removability

### ADVISAL OF RIGHTS

You may be represented, at no expense to the United States government, by an attorney or other individual who is authorized and qualified to represent persons in these proceedings.  You may also be represented by a friend, relative, or other person having a pre-existing relationship with you, provided his or her appearance is permitted by the immigration judge.

You will have a hearing before an immigration judge, scheduled no sooner than 10 days from the date you are served with the Notice to Appear. (Unless you request in writing an earlier hearing date.)  The 10 day period is to allow you to seek an attorney or representative,  if you desire to be represented

### CERTIFICATE OF SERVICE

This form was served by me at ___SPFC___ on __4/2__, 20_02_

by:      [ ] Personal Service

[ ] Certified Mail - Return Receipt Requested   [ ] Alien   [ ] Counsel of Record

[ ] U.S. Mail-Postage Pre-paid

to: _____                          Address

_____                    _____
Signature of Issuing Person                               Alien's Signature (acknowledging receipt of this form)

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN              )     Case No. 08cv0001-LAB (RBB)
                                  )
11              Petitioner,       )
                                  )
                                  )     ORDER OF IMMIGRATION JUDGE
12        v.                      )
                                  )
13  MICHAEL CHERTOFF, Secretary of the )
    Department of Homeland Security, et al., )
14                                )
                Respondents.      )
15  _____)

16

17

18

19

20

21                        EXHIBIT D

22

23

24

25

26

27

28

08cv0001_00020

IMMIGRATION COURT
2001 SEASIDE AVENUE, ROOM 136
SAN PEDRO, CA  90731

In the Matter of

KANTROZYAN, AKOP JACK
        Respondent

Case No.: A71-140-115

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Apr 2, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to
     ARMENIA or in the alternative to

[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to ARMENIA or in the
     alternative to

[ ]  Respondent's application for voluntary departure was granted until
         upon posting a bond in the amount of $ _____
     with an alternate order of removal to ARMENIA.

[ ]  Respondent's application for asylum was ( )granted  ( )denied
     ( )withdrawn.

[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied  ( )withdrawn.

[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  ( )denied  ( )withdrawn.

[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.

[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other.

[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.

[ ]  Respondent's status was rescinded under section 246.

[ ]  Respondent is admitted to the United States as a _____ until _____.

[ ]  As a condition of admission, respondent is to post a $ _____ bond.

[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.

[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

[ ]  Proceedings were terminated.

[ ]  Other: _____

Date: Apr 2, 2001
Appeal: (Waived)/Reserved    Appeal Due By: May 2, 2001

                                        D.D. SITGRAVES
                                        Immigration Judge

SMG

ALIEN NUMBER: 71-140-115                          ALIEN NAME: KANTROZYAN, AKOP JACK

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [X] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [X] INS
DATE: 4-2-01            BY: COURT STAFF _____
     Attachments: [X] EOIR-33  [ ] EOIR-28  [X] Legal Services List  [ ] Other

Q6

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN              )    Case No. 08cv0001-LAB (RBB)
                                  )
11              Petitioner,       )
                                  )    2001 POST ORDER CUSTODY REVIEW
12        v.                      )    WORKSHEET
                                  )
13  MICHAEL CHERTOFF, Secretary of the )
    Department of Homeland Security, et al., )
14                                )
                Respondents.      )
15  _____ )

16

17

18

19

20

21                       EXHIBIT E

22

23

24

25

26

27

28

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name**: Kantrozyan, Akop      **Date of Birth**: 11/281977      **"A"Number**: 71 140 115

**AKAs**: 14 AKAs (see rap sheet)              **FBI Number**: 104496XA7

**Country of Birth**:    Armenia      **Citizenship**:   Armenia

**Date of Arrival**:      08/23/94              **Place of Arrival**:      Los Angeles

**Manner of Arrival**:  Admitted as LPR      **Last Date into INS Custody**:      April 2, 2001

**Entered INS Custody from**:        ☒    **Local, State, or Federal Institution**
                                      ☐    **Other**

**Location**:    California Dept. Corrections        **Institution Number**: P05621

**Immigration History**:  (Prior INS arrest[s]/parole/bond/custody information)

    Describe:    Issued charging document by LOS investigations on 03/06/01.  Was
                 ordered removed through the IJ at TID SPP on 04/02/01.  Subject has an
                 unexecuted Warrant of Removal in file.

**Deportation Officer**: Narensky        **Date of Review:**        06/18/01

**Location Detained**:   TID SPP

**Deportation/Exclusion/Removal Proceedings**

**List all Charges**:      ☒        Section 237 (a) (2),(A) (iii)          ,
                           ☐        Section 212              ,        ,
                           ☐        Section 241              ,

☒      Under <u>Final Order</u> dated 04/02/2001 by ☒ IJ  ☐ BIA Dismissed  ☐ Other

☒      Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**   The Service formally requested a travel document from the
Armenian Consulate on 04/12/2001, a personal visit was made to the consulate by this officer
and was told by the Armenian Consular Officer that travel documents may be forthcoming in this
case.

## Legal Representative / Attorney

**G-28 Filed:** ☐ Yes ☒ No

**Notification of Interview Made:** ☐ Yes ☐ N/A by: on:

**Name of Representative / Attorney:**

**Mailing Address:**    **Telephone Number:**

**Present during interview:** ☐ Yes ☐ No

## Criminal History

**Outside the United States:** None noted.
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**    (1997) False Personation of Another. Sentenced to 24 mos. Prob.
(1997) Burglary. Sentenced to 123 days jail.
(1998) Shoot at inhabited dwelling. Sentenced to 3 yrs. prison
(1999) Receiving Stolen Property. Sentenced to 36 mos. Prob

**NCIC Checks:** ☒ Criminal History Attached ☐ No record Found
(State and Federal)

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?** ☐ Yes ☒ No

If Yes, List & Describe:

Source:    None available.

**Disciplinary reports and Incidents while in INS Custody?** ☐ Yes ☒ No

If Yes, List & Describe:

08cv0001_00025

## Specifics of Interview

**Date of File Review**:  06/18/2001

**Date of Detainee Interview**: 06/15/2001

**Location of Interview**:  Los Angeles

**Interviewing Officer**:#1:  Ofc. Narensky

#2:  Ofc. Min

**Interpreter Used**:  ☐ Yes    ☒ No    Name:
**Language/Dialect**:

---

**Does the detainee have a place to live in the United States?**    ☒ Yes    ☐ No

Address:    1063 Raymond Ave #201
Glendale, CA 91207  Ph#818-242-8138

**Is the detainee subject to any parole or probation requirements?**    ☒ Yes    ☐ No

Describe:    State Parole, Pasadena

**Does the detainee have close family ties within the United States?**    ☒ Yes    ☐ No

Describe    Father –Vardan Kandrijyan
Wife – Selin Gheyvanian

**Does the detainee have any community ties or non-governmental sponsors?**
☒ Yes    ☐ No
Describe:    His family and church

**Does the detainee have any employment prospects?**    ☒ Yes    ☐ No

Describe:    Personal Assistant (See attached)

**What is the detainee's employment history?**

Describe:    None

**What is the detainee's educational level?**

Describe:    GED

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:**   ☐ Attached   ☐ None   ☒ Not Available

**Date and Source:**

**Other documentary evidence for consideration in this review:**

1. Two letters from family members attached.
2. Two letters from churches attached.
3. One letter from employer attached.
4. One letter from hospital attached.

## Discussion at Interview

**Notes:**   Per Headquarters Directive, no interview was conducted.

The INS detainee was found  ☐ **CREDIBLE**     ☒ **NOT CREDIBLE**
**Explain:**

This officer spoke with the subject and he did not feel remorseful or take responsibility for his crimes. Instead, he tried to avoid eye contact and only admitted to specific crimes when confronted with details that this officer had in the file. The subject appeared anxious to be released and said he has a family now which will keep him out of trouble.

Although the detainee appeared not-credible, he did submit numerous letters of support from the community where he lives and the family members who are close to him.

## Officer Comments/Analysis & Recommendation

Mr. Kantrozyan was admitted to United States as a Lawful Permanent Resident on August 19, 1992 in Los Angeles, CA. His criminal activity began in 1995, only three years after coming to the U.S. and by 1997 he had been convicted of two felonies. There seems to be a propensity toward serious criminal behavior with this individual. His body is nearly covered with tattoos, some of them apparently gang-related and his attitude is one of a young career criminal. When asked about his conviction for shooting at an inhabited dwelling, the subject stated that his vehicle was used for the crime and he had nothing to do with it.

INS Investigations placed the subject into proceedings on March 6, 2001 and he was ordered removed to Armenia on 04/02/2001. The Service began formally requested a travel document from the Armenian Consulate on April 12, 2001 and this officer went personally to the Armenian Consulate to talk with Consular Officer Hakop Hovhannessian regarding the subject. Mr. Hovhannessian stated that he is working on the case and should have an answer soon as to whether the subject will be issued a travel document.

The subject has numerous letters of support from family members who obviously would like to see him released. It appears he has good employment prospects and a religious community to support him. However, this officer recommends that the alien be detained due to the fact he appeared non-credible coupled with the fact that a travel document may issue from the Armenian Consulate shortly.

Deportation Officer #1: _____     Date: 6/18/01

Deportation Officer #2: _____     Date: 6/18/01
(optional)

Reviewed by: _____     Date: _____

## DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☒ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

Bond Amount: _____

☐ CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office: _____

Signature of District Director: _____    Date: JUN 1 9 2001

## HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____ (Name, Title, Signature) | _____ | _____ | _____ |
| _____ (Name, Title, Signature) | _____ | _____ | _____ |
| _____ (Name, Title, Signature) | _____ | _____ | _____ |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN                 )      Case No. 08cv0001-LAB (RBB)
                                     )
11              Petitioner,          )
                                     )      DECISION OF POST ORDER CUSTODY
12      v.                           )      REVIEW-RELEASE
                                     )
13  MICHAEL CHERTOFF, Secretary of the )
    Department of Homeland Security, et al., )
14                                   )
                Respondents.         )
15  _____)

16

17

18

19

20

21                         EXHIBIT F

22

23

24

25

26

27

28



**U.S. Department of Justice**
Immigration and Naturalization Service

*300 N. Los Angeles Street*
*Los Angeles, CA 90012*

Akop Kantrozan
C/O B18 Staging
300 N. Los Angeles St.
Los Angeles, CA 90012

A# 71 140 115

## Decision of Post Order Custody Review - Release

You are currently detained in the custody of the Immigration and Naturalization Service (INS). To date, the INS has been unable to remove you from the United States as ordered on (04/02/2001          ).

Upon review of your case, the INS has concluded that you may be released from INS custody pending your removal from the United States. This release does not effect the foregoing order and does not constitute an admission to the United States.

Your release will be subject to certain written conditions that will be provided to you shortly, and by which you must abide. A violation of one of more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond which you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

Prior to your release from custody, an immigration officer will verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations who may be willing to assist you upon release.

It is particularly important that you keep the INS advised of your address at all times. We will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. You are required by law to cooperate in that effort. If we are successful in obtaining those documents, you will be required to surrender to the INS for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

_____
Signature of District Director/Designated Representative

JUN 1 9 2001
Date

Print Name, Title and Location:          ADD/DRO Robert D. Hodgson   Los Angeles, CA

(Page 1 of 2)

**Decision of Post Order Custody Review - Release**
**Page 2**
**(Adop Kantrozyan)**

---

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _____ *Noreny* _____, _____ *D.O.* _____,
<span style="margin-left:2em">Name of INS Officer</span>                         Title

certify that I served _____ *Adop Kantrozyan* _____ with a copy of
<span style="margin-left:6em">Name of detainee</span>

this document at _____ *B-18* _____ on _*7/3/06*_, at _*1400*_ .
<span style="margin-left:4em">Institution</span>                 Date            Time

(b)    I certify that I served the custodian _____,
<span style="margin-left:12em">Name of Official</span>

_____, at _____, on
<span style="margin-left:2em">Title</span>                         Institution

_____ with a copy of this document.
<span style="margin-left:3em">Date</span>

### OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify
<span style="margin-left:6em">Name of INS Officer</span>                 Title

that I served _____ and the custodian _____
<span style="margin-left:4em">Name of detainee</span>                         Name of Official

with a copy of this document by certified mail at _____ on _____ .
<span style="margin-left:16em">Institution</span>                 Date

(  ) CC:  Attorney of Record or Designated Representative
(  ) CC:  A-File

**U.S. Department of Justice**
Immigration and Naturalization Service

# Order of Supervision

| | |
|---|---|
| **File No:** | A 71 140 115 |
| **Date:** | **June 18, 2001** |

Name:  **Akop KANTROZYAN**

On _____04/02/2001_____, you were ordered:
(Date of Final Order)

☒ Excluded or deported persuant to proceedings commenced prior to April 1, 1997

☑ Removed persuant to proceedings commenced on or after April 1, 1997

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☑ That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

☑ That upon request of the Service you appear for medical or psychiatric examination at the expense of the United States Government.

☑ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☑ That you do not travel outside _____CALIFORNIA_____ for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

☑ You must report in person on the ___First___ day of ___each month___ to the Service at:

| 300 North Los Angeles Street Room 7621 | Los Angeles, CA | 90012 |
|---|---|---|

unless you are granted written permission to report on another date.

☑ That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

☑ Other:  You must not violate any local, State, or Federal laws or ordinances.

☒ See attached sheet containing other specified conditions (continue on separate sheet if required)

_____
(Signature of INS Official)

Robert D. Hodgson ADD/LOS DRO
(Printed Name and Title of Official)

---

### Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the ___English___ language) the contents of this order, a copy of which has been given to me.  I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____    X _____    07/03/01
(Signature of INS official Serving Order)    (Signature of INS Alien)    (Date)

Form I-220B (Rev. 4/1/97)N

08cv0001_00034

1    KAREN P. HEWITT
     United States Attorney
2    RAVEN NORRIS
     Assistant U.S. Attorney
3    California State Bar No. 232868
     Office of the U.S. Attorney
4    880 Front Street, Room 6293
     San Diego, California 92101-8893
5    Telephone: (619) 557-7157
     E-mail: Raven.Norris@usdoj.gov
6
     Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9

10   AKOP KANTRDZHYAN                    )      Case No. 08cv0001-LAB (RBB)
                                         )
11              Petitioner,              )
                                         )      2003 RECORD OF
12        v.                             )      DEPORTABLE/INADMISSABLE ALIEN
                                         )
13   MICHAEL CHERTOFF, Secretary of the  )
     Department of Homeland Security, et al., )
14                                       )
                Respondents.             )
15   _____ )

16

17

18

19

20

21                             EXHIBIT G

22

23

24

25

26

27

28

3. Department of Justice
Immigration and Naturalization Service

# Record of Deportable/Inadmissable Alien

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| KANTROZYAN, Akop Jack | | AKA KANTRDZTAN, AKOP JACK | | M | BLACK | BROWN | MEDIUM |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| Armenia | | A 71 140 115 | 5'06" | 165 | LABORER |

U.S. Address
California Department of Corrections

Scars and Marks
TT:"ANI"LEFT MIDDLE FINGER

| Date, Place, Time, and Manner of Last Entry | | Passenger Boarded At | F.B.I. Number | Marital Status |
|---|---|---|---|---|
| DOE: 8/19/1992     POE: NYC     REFUGEE | | | 104 496 XA7 | Married |

Number, Street, City, Province (State) and Country of Permanent Residence
10630 RAYMOND AVE, #201, GLENDALE, CALIFORNIA 91201

Method of Location/Apprehension
511.2.2

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 3/9/1979 | 10/27/2003 | SFR/BKI | NORTH KERN | 2/12/2002 |

| City, Province (State) and Country of Birth | AR ☐ | Form: (Type and No. | Lifted ☐ | Not Lifted ☐ | By |
|---|---|---|---|---|---|
| KIROVOKAN, ARMENIA | | | | | Pugh, John  Immigration Agent |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | REFUGEE | IN INSTITUTION |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | 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 | OVER 1 YEAR |

| Immigration Record | Criminal Record |
|---|---|
| SEE NARRATIVE AND ATTACHMENTS | SEE NARRATIVE AND ATTACHMENTS |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| SELIN GHEYVADYAN/IRAN | 1-USC |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| VARDAN KANDRZYAN/USC | HASMIK GADIAN/ARM |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☐ Yes ☐ No | INS Systems Checks | Charge Code Word(s) |
|---|---|---|---|
| | | | |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| UNEMPLOYED | LABORER | Hr. | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

| | |
|---|---|
| Prison name: KANTRDZYAN, AKOP JACK | LOCATE I-213: SUBJECT was interviewed by I/A Pugh on 2/12/02 at North Kern State Prison. SUBJECT has an order of Supervision in file dated 6/18/01. SUBJECT also has an order of Removal in file dated 4/2/2001 out of San Pedro, CA. SUBJECT was convicted of Possession of Firearm by a Felon-four Priors, in violation of Section 12021(A)(1) of the California Penal Code on 1/9/02. SUBJECT was sentenced to incarceration for a term of two years and eight months. SUBJECT appears in good health. |
| CDC No.: P05621 | |
| CII No.: A10 793 466 | |
| Court: SUPERIOR/LOS ANGELES CO/NORTHEAST DISTRICT | |
| Case No.: GA047359-01 | |
| PC/HS: 12021(A)(1)  CT: 1 | |
| Crime: POSSESSION OF FIREARM BY A FELON-FOUR PRIORS | |
| Conviction Date: 1/9/2002 | |
| Sentence: 2 YEARS 8 MONTHS | |
| Offense Date: 9/16/2001 | |
| Military Service: NONE | |
| Est. Release Date: 11/4/2003 | |
| DACS Code(s): 5212 | |

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title) |
|---|---|---|

| DISTIBUTION | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| 1 FILE | Officer:     Maldonado, Jaime, Immigration Agent |
| 1 STATISTICAL | on: Monday, October 27, 2003 |
| | Disposition: W A/NTA Auth |
| | Examining Officer: |

08cv0001_00036

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7
8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9
10  AKOP KANTRDZHYAN                    )    Case No. 08cv0001-LAB (RBB)
                                        )
11              Petitioner,             )
                                        )
12       v.                             )    NOVEMBER 4, 2003 NOTICE TO ALIEN OF
                                        )    RELEASE REVOCATION
13  MICHAEL CHERTOFF, Secretary of the  )
    Department of Homeland Security, et al., )
14                                      )
                Respondents.            )
15  _____ )

16

17

18

19

20

21                      EXHIBIT H

22

23

24

25

26

27

28



**Department of Homeland Security**
Bureau of Immigration and Customs Enforcement

*800 Truxtun Avenue*
*Suite 109*
*Bakersfield, CA 93301*

November 4, 2003

KANTROZYAN, Akop Jack                    A 71 140 115
U.S. ICE Custody

### Notice to Alien of Release Revocation

This notice will inform you that approval to release you from immigration detention has been withdrawn as of this date for the reasons stated below. Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:

(i)     The purposes of release have been served;
(ii)    The alien violates any condition of release;
(iii)   It is appropriate to enforce a removal order or to commence removal proceedings against and alien; or
(iv)    The conduct of an alien, or any other circumstance, indicates that release would no longer be appropriate.

You will be afforded an initial informal interview to respond to the reasons for revocation stated below. If you are not released as a result of that interview, you will be notified and scheduled for a formal interview approximately three months after your release has been revoked. You will be notified in a separate notice of the date and location of the interview.

After your release, you failed to abide by the conditions of your release. Specifically:

You were convicted, on January 9, 2002 for POSSESSION of a FIREARM by a FELON, with four priors. This clearly shows your propensity for violence and will constitute a risk for the Immigration and Customs Enforcement to re-release you to the community.

Sincerely,

*JRomel*

Joseph S. Romel
Officer in Charge

Notice to Alien of Release Revocation
Page 2
A71 140 115; KANTROZYAN, Akop Jack

---

## PROOF OF SERVICE

**(1)  Personal Service (Officer to complete both (a) and (b) below.)**

    (a)    I   _CT Jerome_  ,   Immigration Enforcement Agent
                        Name of ICE Officer                 Title

certify that I served   KANTROZYAN, Jack   with a copy of
                           Name of detainee

this document at   KERN COUNTY JAIL   on _11/10/03_, at _1230_
                Institution                 Date           Time

    (b)    I certify that I served the custodian _____
                                            Name of Official

_____, at _____,
on       Title                         Institution

_____ with a copy of this document.
      Date

### OR

**(2)  Service by certified mail, return receipt.  (Attach copy of receipt)**

        I _____, _____, certify
                Name of INS Officer                 Title

that I served _____and the custodian _____
                Name of detainee                 Name of Official

with a copy of this document by certified mail at _____ on ___
                                      Institution           Date

( )  CC:  Attorney of Record or Designated Representative
(X)  CC:  A-File

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN                    )     Case No. 08cv0001-LAB (RBB)
                                        )
11              Petitioner,             )
                                        )     2004 DECISION TO CONTINUE DETENTION
12       v.                             )     FOLLOWING FILE REVIEW
                                        )
13  MICHAEL CHERTOFF, Secretary of the  )
    Department of Homeland Security, et al., )
14                                      )
                Respondents.            )
15  _____ )

16

17

18

19

20

21                              EXHIBIT I

22

23

24

25

26

27

28



**U.S. Department of Homeland Security**
U.S. Immigration and Customs Enforcement

---

*800 Truxtun Avenue*
*Bakersfield, CA. 93301*

**PT-H-05-07**
Akop KANTRDZHYAN                                    A71 140 115
C/O Kern County Jail, Lerdo Facility
17645 Industrial Farm Road
Bakersfield, CA  93308
**Inmate No:1593851**

## Decision to Continue Detention
## Following File Review

  This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of Immigration and Customs Enforcement (ICE). This decision has been made based on a review of your record and consideration of information submitted to ICE reviewing officials in support of your application for release.

  Before you may be released you must demonstrate by clear and convincing evidence that you are neither a flight risk nor a danger to the community if you are released from custody (*required by Title 8 CFR, Section 241.4*). I find that you have failed to sustain that burden of proof. Specifically, you failed to demonstrate that you will not be a danger to the community. After carefully weighing the factors pertaining to your case, it has been determined that you will not be released from the custody of ICE based on the factors listed below.

  You have shown a history of violence. Your most recent conviction and subsequent incarceration stemmed from you possessing a firearm, while having a previous criminal conviction for a firearms offense. You will be detained in ICE custody until such time ICE determines you will no longer be a threat to the community.

  Therefore, pursuant to the authority contained in Sections of the Immigration and Nationality Act, and parts 236 and 241 of the Code of Federal Regulations, I have determined that you shall continue to be detained in the custody of ICE pending further review.

(Page 1 of 2)

Decision to Continue Detention Following File Review                                    Page 2
(Akop KANTRDZHYAN; A71 140 115)


      Your custody case will be transferred to ICE Headquarters Post-Order Detention Unit. Further review will be conducted by that unit and you will be notified of this at the earliest possible convenience.  It is in your best interest to maintain proper behavior while awaiting this review.  If you have any questions please contact:

<u>ICE, Post Order Detention Unit, 801 "I" Street NW, Suite 800, Washington, D.C. 20536</u>


*J. Romel* _____          <u>JAN 3 0 2004</u>
Joseph S. Romel                                      Date
Officer in Charge

---

## PROOF OF SERVICE

**(1)**    **Personal Service (Officer to complete both (a) and (b) below.)**

    (a)    I _____*TROY MILLER*_____, _____IEA_____,
                      Name of ICE Officer             Title

certify that I served _____Akop KANTRDZHYAN_____ with a copy of
                         Name of detainee

this document at _____Kern County Jail_____ on _2-2-04_, at _1015_.
                   Institution           Date        Time


    (b)    I certify that I served the custodian _____,
                                         Name of Official

_____, at _____, on
       Title                     Institution

_____ with a copy of this document.
      Date

### OR

**(2)**    **Service by certified mail, return receipt.  (Attach copy of receipt)**

      I _____, _____, certify
                      Name of ICE Officer              Title

that I served _____and the custodian _____,
               Name of detainee              Name of Official

with a copy of this document by certified mail at _____ on _____.
                                  Institution           Date


(X ) CC: Attorney of Record or Designated Representative
(X ) CC: A-File


(Page 2 of 2)
(Final 10/18/99)

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN              )    Case No. 08cv0001-LAB (RBB)
                                  )
11          Petitioner,           )
                                  )
12      v.                        )    RELEASE NOTIFICATION
                                  )
13  MICHAEL CHERTOFF, Secretary of the )
    Department of Homeland Security, et al., )
14                                )
            Respondents.          )
15  _____ )

16

17

18

19

20

21                    EXHIBIT J

22

23

24

25

26

27

28

*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
801 I Street, NW
Washington, DC 20536



## U.S. Immigration and Customs Enforcement

March 3, 2004

KANTROZYAN, Akop Jack  (A71 140 115)
C/O Kern County Jail
San Francisco, CA

## Release Notification

Upon review of your case, the Bureau of Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States. This release does not effect your removal order and does not constitute an admission to the United States.

Your release will be subject to certain written conditions that will be provided to you shortly, and by which you must abide. One of these conditions is <u>weekly</u> reporting to an ICE office. A violation of one of more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond, which you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

Prior to your release from custody, an immigration officer will verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations who may be willing to assist you upon release.

It is particularly important that you keep ICE advised of your address at all times. We will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own. Once a travel document is obtained, you will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

_____
Signature of HQPDU Director/Designated Representative

3/4/04
Date

(Page 1 of 2)

08cv0001_00044

**Decision of Post Order Custody Review – Release**                                    Page 2
A71 140 115
KANTROZYAN, Akop Jack

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

    (a)    I _SFERRERA_____, _____PO_____
                        Name of ICE Officer                  Title

certify that I served _____KANTROZYAN_____ with a copy of
                                  Name of detainee

this document at _ICE BAKERSFIELD_ on _MAR 1 0 2004_ at _1100 HRS_
                  Institution                Date         Time

    (b)    I certify that I served the custodian _____
                                    Name of Official

_____, at _____, on
        Title                        Institution

_____ with a copy of this document.
      Date

### OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

        I _____, _____, certify
                   Name of ICE Officer                Title

that I served _____ and the custodian _____
                Name of detainee                   Name of Official

with a copy of this document by certified mail at _____ on _____
                                      Institution         Date

                          (R) INDEX

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

(Page 2 of 2)                                                                      (10/02)

U.S. Department of Homeland Security

U.S. Immigration and Customs Enforcement

# Order of Supervision

File No:A71 140 115

Date:03/09/04

Name:Akop Jack KANTROZYAN

on ___April 4, 2001___ , you were ordered:
(Date of final order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because ICE has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of ICE, for identification and for deportation or removal.

☒ That upon request of ICE, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☒ That you do not travel outside _____California_____ for more than 48 hours without first
(Specify geographic limits, if any)
having notified this office of the dates and places of such proposed travel.

☒ That you furnish written notice to this office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the __the first business day each WEEK__ to the ICE office at:
_300 North Los Angeles Street, Rm 752, Los Angeles_____ unless you are granted written permission to report on another date.

☒ That you assist Immigration and Customs Enforcement in obtaining any necessary travel documents.

☒ Other: **You must report to California State Parole, Agent Metcalf within 24 hous of being released from ICE custody at the : Mid town # 2 unit, ph (323) 238-1600, ext. 1649**

☒ See attached sheet containing other specified conditions (Continue on separate sheet if required)

Nancy Alcantar, Field Office Director

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the ENGLISH language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

MAR 1 0 2004

_____
(Signature of ICE official serving order)

(X) _____
(Signature of alien)

_____
Date

Form I-220B(Rev. 4/1/97)N

08cv0001_00046

**U.S. Department of Homeland Security**

U.S. Immigration and Customs Enforcement

**Order of Supervision-Addendum**

File No: 71 140 115

Date: 03/09/04

Name: Akop Jack KANTROZYAN

☒ **That you do not associate with known gang members, criminal associates, or be associated with any such activity.**

☐ **That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.**

☐ **That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.**

☐ **That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide the ICE with written proof of such within 10 days.**

☒ **That you do not commit any crimes while on this Order of Supervision.**

☒ **That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officers name, address, telephone number, and reporting requirements.**

☒ **That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.**

☒ **That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.**

☒ **That you provide ICE with written responses from the Embassy or Consulate regarding your request.**

☒ **Any violation of the above conditions will may result in revocation of your employment authorization document.**

☒ **Any violation of these conditions may result in you being taken into custody and you being criminally prosecuted.**

☐ **Other.**



Form I-220B(Rev. 4/1/97)N

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

**Warning for Failure to Comply
with Terms of Supervised Release**

| Name:<br>Akop Jack KANTROZYAN | Field Office:<br>SFR | File #:<br>**A71 140 115** |
|---|---|---|

Section 243(b) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

An alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 241(a)(3)* or knowingly give false information in response to an inquiry under such section shall be fined not more than $1000 or imprisoned for not more than one year, or both.

\* Section 241(a)(3) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien—

    (A)  to appear before an immigration officer periodically for identification;

    (B)  to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;

    (C)  to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and

    (D)  to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

| Date Order Final:<br>**April 04, 2001** | Ordered Removed under Section:<br>**237(a)(2)(A)(iii)** |
|---|---|

| Record of Service<br>(Check method used) |
|---|

**Record of Personal Service**

| Served By: (Print Name and Title of Officer)<br>**S. FERREIRA, DEPORTATION OFFICER** | Date:<br>MAR 1 0 2004 |
|---|---|
| Officer's Signature: | Location of Service:<br>**BAKERSFIELD, CALIFORNIA** |
| Served On: (Alien's Signature) | Date:<br>MAR 1 0 2004 |

| Certified Mail Service | Fingerprint of Alien (RIGHT INDEX FINGER) |
|---|---|
| **Attach certified mail receipts here.** | |

Form I-229(b)
(Revised 08/20/01)

**U.S. Department of Homeland Security**
U.S. Immigration and Customs Enforcement

Continuation Page for Form:    **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| Akop Jack KANTROZYAN | 71 140 115 | 03/09/04 |

_Alien's Signature_

**Alien's Address**

1063 Raymond Avenue, Apt 201

Glendale, CA  91201

(818) 421-6022

Alien's Telephone Number (if any)

**RIGHT INDEX PRINT**

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| | | |

| Signature | Title |
|---|---|
| | **Deportation Officer** |

**U.S. Department of Homeland Security**
U.S. Immigration and Customs Enforcement

Continuation Page for Form:  **I-220B**

| Alien's Name<br>Akop Jack KANTROZYAN | File Number<br>71 140 115 | Date<br>03/09/04 |
|---|---|---|

Alien's Signature

**Alien's Address**

1063 Raymond Avenue, Apt 201

Glendale, CA  91201

(818) 421-6022

Alien's Telephone Number (if any)

(picture)

**RIGHT INDEX PRINT**

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Signature | Title<br>**Deportation Officer** |
|---|---|

# Outprocessing Checklist

## Sex Offenders

☐ Probation/Parole Officer notified.

☐ Registered as sex-offender as required by state statute within 7 days.

☐ Victim/Witness Coordinator notified.

☐ Victim/Witness notified.

☐ Written Proof of Counseling.

## Substance Abusers

☐ Probation/Parole Officer notified.

☐ Written Proof of Counseling.

## All Aliens

☒ Parole/Probation Officer notified.    03/09/2004

☒ Obtain address where living and telephone number.

☒ Enter into IDENT    FINS# ___95 78051___

☒ NCIC check

☒ I-229(b) issued

MAR 1 0 2004

Completed By:

_____    MAR 1 0 2004

Scott Ferreira
Deportation Officer    Date

Concurrence By:

_____    3/10/2004

Erik Bonnar
Supervisory Detention & Deportation Officer    Date

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9

10 AKOP KANTRDZHYAN            )      Case No. 08cv0001-LAB (RBB)
                              )
11          Petitioner,        )
                              )
12      v.                     )      2005 RECORD OF
                              )      DEPORTABLE/INADMISSIBLE ALIEN
13 MICHAEL CHERTOFF, Secretary of the )
   Department of Homeland Security, et al., )
14                            )
            Respondents.       )
15 _____)

16

17

18

19

20

21                        EXHIBIT K

22

23

24

25

26

27

28

U.S. Department of Justice

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS)   First   Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|
| KANTRDZHYAN, Akop Jack | | M | BRO | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | Case No: ECCO509000054 | Height | Weight | Occupation |
|---|---|---|---|---|---|
| ARMENIA | | File Number A071 140 115 | 66 | 180 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| CENTINELA STATE PRISON 2302 BROWN RD. IMPERIAL, CALIFORNIA 92251 | See Narrative |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☐ Single  ☒ Married |
|---|---|---|---|
| 08/19/1992, Unknown Time, LOS, IMM (REF) | | 104496XA7 | ☐ Divorced ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| | CAP 520.3 |

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 03/09/1979   Age: 26 | 09/07/2005 | SND/ECC | IMPERIAL, CA | 09/07/2005  0900 |

| City, Province (State) and Country of Birth | AR | Form: (Type and No.) | Lifted ☐ | Not Lifted ☐ | By |
|---|---|---|---|---|---|
| YEREVAN, ARMENIA | ☒ | | | | ALBERT GARCIA JR |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Other | IN INSTITUTION |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | 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 | |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | See narrative |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) Nationality: IRAN | Number and Nationality of Minor Children |
|---|---|
| GHEYVADYAN, Selin | 1,USC |

| Father's Name, Nationality, and Address, if Known Nationality: ARMENIA | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| KANTRDZYAN, Vardan | GADIAN, Basmik Nationality: ARMENIA |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☒ No ☐ | INS Systems Checks See Narrative | Charge Code Word(s) R2A3 |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary  Hr. | Employed from/to |
|---|---|---|---|
| | | /  / | /  / |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

OTHER ALIASES KNOWN BY
KANTRDZYAN, AKOP

SCARS, MARKS AND TATTOOS
TATTOO BACK
TATTOO CHEST
TATTOO ARM, LEFT UPPER
TATTOO ARM, RIGHT UPPER

INS SYSTEMS CHECKS
Central Index System Positive
Deportable Alien Control System Positive
National Crime Information Center Positive

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by GARCIA JR

CDC Name: Kantrdzyan, Akop
CDC# P05621
Court: Los Angeles
Crime: Theft

ALBERT GARCIA JR
IMMIGRATION ENFORCEMENT AGENT

Alien has been advised of communication privileges. _____ (Date/Initials)

| Distribution: TO FILE STATS DACS | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: ALBERT GARCIA JR |
| | on: September 7, 2005 at _____ (time) |
| | Disposition: Warrant of Arrest/Notice to Appear |
| | Examining Officer: L. TANORI-AMARILLAS |

Signature and Title of INS Official

08cv0001_00053

Form I-213(Rev.4/1/97)Y

| Alien's Name | File Number Case No: ECC0509000054 | Date |
|---|---|---|
| KANTRDZHYAN, Akop Jack | A071 140 115 | 09/07/2005 |

```
P.C. 484e(d)
Conviction Date: 9/29/2004
Sentence: 1 Year 4 Months
Release Date: 9/9/2005
```

Subject was Interviewed at Centinela State Prison, Imperial California. On 3/10/2004
Subject was released on OSUP from LOS/DDP. On 9/29/2004 Subject was incarcerated for a
new conviction in Los Angeles for the crime of Theft 484e(d). On his release date subject
will be TFRD to SND Pending review.

| Signature | Title |
|---|---|
| ALBERT GARCIA JR | IMMIGRATION ENFORCEMENT AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

08cv0001_00054

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10 AKOP KANTRDZHYAN                    )    Case No. 08cv0001-LAB (RBB)
                                       )
11            Petitioner,              )
                                       )
                                       )    DECISION TO RELEASE ON PRIOR
12       v.                            )    CONDITION
                                       )
13 MICHAEL CHERTOFF, Secretary of the  )
   Department of Homeland Security, et al., )
14                                     )
              Respondents.             )
15 _____)

16

17

18

19

20

21                       EXHIBIT L

22

23

24

25

26

27

28

ice of Detention and Removal Operations
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street, Suite 2242
San Diego, CA 92101



## U.S. Immigration and Customs Enforcement

Kantrdzyhan Akop                                        A71 140 115
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

### Decision to Release on Prior Conditions of Order of Supervision

Upon review of your case, U.S. Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States. This release does not affect your removal order and does not constitute an admission to the United States. This release is to be considered a parole, unless you were lawfully admitted when you last entered the United States.

Your release will be subject to written conditions that will be provided to you shortly on the Order of Supervision and Addendum to the Order of Supervision forms, and by which you must abide. Further violations of one or more of these conditions, or of any local, state or federal law will result in revocation of release and being taken back into custody. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

It is particularly important that you keep ICE advised of your address at all times. ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own and provide proof of your efforts to ICE. Once a travel document is obtained, you will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

_Ronald J. Smith_                                        OCT 2 1 2005
Ronald J. Smith, Field Office Director, San Diego, CA          Date

(rev. 1/19/05)                                                          08cv0001_00056

**Decision of Post Order Custody Review – Release on Prior Order of Supervision**
A71 140 115, Kantrdzyhan, Akop
Page 2

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _Gvalhew_____, _Deportation Off._____,
                                        Name of ICE Officer                                        Title

certify that I served _Kantrdzyhan, Akop_____ with a copy of
                                        Name of detainee

this document at _ECC_____ on _10/26/05_ at _1635_.
                                Institution                                Date            Time

(b)    I certify that I served the custodian _____,
                                                        Name of Official

_____, at _____, on
            Title                                                Institution

_____ with a copy of this document.
            Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify
            Name of ICE Officer                                        Title

that I served _____ and the custodian _____,
            Name of detainee                                                Name of Official

with a copy of this document by certified mail at _____ on _____.
                                                Institution                        Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**     **Kantrdzhyan, Akop Jack**

**AKA(s):**     Kantrozyan, Akop Jack

**Date of Birth:**    March 9, 1979     **A Number:**    A71 140 115

**Place of Birth:**    Yerevan, Armenia     **Nationality:**    Armenia

**Date of Last Arrival:** 08/19/1992     **Place of Arrival:** Los Angeles, CA

**Status at Last Entry:** Immigrant     **Last Date into ICE Custody:** 09/09/2005

**Entered ICE Custody from:**    ☒   **Local, State, or Federal Institution**
         **Institution Name/Location:** Centinela State Prison
         **BOP/ Institution Numbers:** P05621
         ☐   **Other:**

**Deportation Case Officer:**   J. Reyna       **Review Date:** October 6, 2005
     **Contact Phone #:**    (760) 336-4600
**ICE Location Detained and DCO:** El Centro Service Processing Facility
                                1115 N. Imperial Avenue
                                El Centro, CA  92243

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**    ☒    Section 237 (a) (2)(iii) / 237(a)(2)(ii) / 237(a)(2)(C)
                 ☐    Section 212 (a)
                 ☐    Section 241 (a)

☒ Under <u>Final Order</u> dated: April 2, 2001 By ☒ IJ ☐ BIA ☐ Other:

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed       ☒ No

Stay Issued in Case: ☒ No ☐ Yes/Why and Who Issued

## Legal Representative / Attorney

**G-28 Filed:**    ☒ Yes    ☐ No

**Notification of Review Made:** ☐ No   ☒ Yes **By:**   G. Pacheco

**Name of Representative / Attorney:** Ali Taheripour

**Mailing Address:**   15233 Ventura Blvd, Penthouse 10
                     Sherman Oaks, CA 91403

**Telephone Number:** (818) 754-6777

**Present during interview:**   ☐ Yes     ☒ No

08cv0001_00058

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

Mr. Kantrdzhyan was admitted to the United States as a Lawful Permanent Resident on August 19, 1992 in Los Angles, CA. A Notice to appear was served on Mr. Kantrdzhyan on March 6, 2001. On April 2, 2001, the Immigration Judge Ordered Mr. Kantrdzhyan removed to Armenia. On July 3, 2001, he was released on an Order of Supervision following a Post Order Custody Review. On January 9, 2002, Mr. Kantrdzhyan was convicted of Possession of a Firearm by a felon and sentenced to two years eight months in state custody. On November 4, 2003, upon release from state custody, his Release on Order of Supervision was revoked. Mr. Kantrdzhyan was served with a Notice of Post Order Custody Review. On January 30, 2004, decision to Continue Detention was issued. Case jurisdiction was subsequently transferred to Headquarters Custody Determination Unit (CDU) for further review. On March 4, 2004, CDU issued a Release on Order of Supervision Notice. On September 9, 2004, Mr. Kantrdzyhan was arrested and convicted of a theft offense. Mr. Kantrdzyhan was remanded into ICE custody on September 9, 2005, after being release from the California Department of Corrections, Centinela State Prison, Imperial, CA.

**NCIC Checks:**        ☒ Criminal History        ☐ No record Found
                            (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

Convicted of the following crimes in the Superior Court of California, County of Los Angeles:

| Date | Section | Offense | Time Imposed |
|------|---------|---------|--------------|
| 12/09/1997 | PC459 | Vehicle Burglary | 356 Days/3 Years Prob. |
| 04/22/1998 | PC 246 | Shooting at Inhabited Dwelling or Vehicle | 3 Years |
| 07/07/1998 | PC 529 | False Personation | 16 Months |
| 11/10/1999 | PC 459 | Burglary | 365 Days |
| 12/03/1999 | PC 496 | Receiving Stolen Property | 36 Months Probation |
| 01/09/2002 | * PC 12021(a)(1) | Possess firearm/Felon-Priors | 2 Years 8 Months |
| 09/29/2004 | * PC 484e(d) | Theft | 1 Year 4 Months |
| 09/29/2004 | * PC530.5(a) | Identity Theft | 1 Year 4 Months |

*Committed while out on Order of Supervision

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**    ☐ Yes    ☒ No

  If Yes, List & Describe:

  Source:

**Disciplinary reports and incidents while in ICE Custody?**    ☐ Yes    ☒ No

  If Yes, List & Describe:

  Source:

## Specifics of Review

**Date of File Review**: 10/6/2005

**Date of Detainee Interview:** (optional)

**Location of Interview:**

**Reviewing/Interviewing Officer:** #1: Gabriela Pacheco, Deportation Officer

                    #2:

**Interpreter Used:** (If subject was interviewed)    ☐ Yes    ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

File Review conducted, for Release on previous Order of Supervision.  (No T/D will be issued)

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to **prevent** removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

Applications for Travel documents were previously sent to the Consulate General of the Republic of Armenia and the Consulate General of the Russian Federation.

Both Requests for Travel Documents from the Consulate General of the Republic of Armenia and the Consulate General of the Russian Federation have been denied.

Travel Document Denial letters from both Consulates in file.

List ICE's attempts to obtain a travel document and status:

Previous applications for Travel Documents to the Consulate General of the Republic of Armenia and the Consulate General of the Russian Federation have been denied.

Travel Document Denial Letters from both Consulates in file.

**Does the detainee have a place to live in the United States?**  ☒ Yes   ☐ No
Spouse:  Selin Gheyvandian
   10097 Tujunga Canyon
   Tujunga, California  91402
   (818) 804-1281

**Is the detainee subject to any parole or probation requirements?**  ☒ Yes   ☐ No
Required to report to Parole for the next 3 years.
  Pasadena Parole Unit  (626) 450-6250
  333 E. Walnut Street
  Pasadena, CA 91101

**Does the detainee have close family ties within the United States?**  ☒ Yes   ☐ No
  Spouse is a United States Citizen, 3 year-old United States Citizen Child
  Father is a United States Citizen, Mother is a Permanent Resident Alien

**Does the detainee have community ties or non-governmental sponsors?**  ☐ Yes   ☒ No
Describe:

**Does the detainee have any employment prospects?**  ☒ Yes   ☐ No
  Century Auto Leasing & Sales    (818) 240-4747
  1608 W. Glenoaks
  Glendale, Ca

**What is the detainee's employment history?**
  Formerly employed by Century Leasing & Sales

**What is the detainee's educational level?**
  High School

**Does the detainee have any vocational training?**  ☐ Yes   ☐ No
  Unknown

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
  Unknown

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**  ☐ Yes   ☒ No

**Description (to include Date and Source):**

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

Attorney Ali Taheripour provided documentation of Mr. Kantrdzyhan's family support, employment prospect, his mother's medical condition, and needs.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ **No**      ☐ **Yes (indicate below):**

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

## Officer Comments/Analysis & Recommendation

Mr. Kantrdzyhan has an extensive criminal history and will require to report to the Pasadena Parole Office for the next three years. His Parole supervision will be highly controlled and monitored. Mr. Kantrdzyhan has been released on two previous Orders of Supervision, he has committed new crimes and sentenced to state prison on both occasions.

Mr. Kantrdzyhan's mother is in poor medical condition and suffers from severe depression and psychotic features. His spouse is the sole caregiver for his mother and child. Mr. Kantrdzyhan's attorney has made a personal pledge to assist Mr. Kantrdzyhan's return to society and change his life around for the his sake as well as his young child.

Travel Documents for Mr. Kantrdzyhan will not be issued therefore his removal is not foreseeable in the near future. His crimes are serious in nature and border line a threat to the public. With proper guidance and dedication Mr. Kantrdzyhan can turn his life around.

Therefore, based on the above I recommend that Mr. Kantrdzyhan be released on his previous Order of Supervision dated March 3, 2004, issued by Headquarters Custody Determination Unit.

| Reviewing Officer #1 | Date: |
| Name/Title: Gabriela Pacheco Deportation Officer | Signature: |

| Reviewing Officer #2 | Date: |
| Name/Title: | Signature: |

| Supervisory Reviewing Officer | Date: |
| Name/Title: Michael Wojticki Supervisory Deportation Officer | Signature: 10/19/05 |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☑ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐ CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: SND

Signature of Field Office Director: _Ronald J. Smith_    Date: OCT 21 2005

Deciding Official Name:    Ronald J. Smith, Field Director, San Diego, CA

(Rev. 1/19/05)                Page 7                08cv0001_00064

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN                )       Case No. 08cv0001-LAB (RBB)
                                     )
11              Petitioner,          )
                                     )       ORDER OF SUPERVISION
12       v.                          )
                                     )
13  MICHAEL CHERTOFF, Secretary of the )
    Department of Homeland Security, et al., )
14                                   )
                Respondents.         )
15  _____ )

16

17

18

19

20

21                          EXHIBIT M

22

23

24

25

26

27

28

**U.S. Department of Homeland Security**

Immigration and Customs Enforcement

# Order of Supervision

File No: A71 140 115

Date: October 26, 2005

Name: KANTRDZYHAN, Akop Jack

On __April 4, 2001__, you were ordered: [ ] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
(Date of final order)　　　　　　　　　　　[ X ] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[ X ] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[ X ] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[ X ] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[ X ] That you do not travel outside _____California_____ for more than 48 hours without first
　　　　　　　　　　　　　　　　　　(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

[ X ] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[ ] That you report in person on the _first business day of each week_ to this Service office at: _Los Angeles Detention & Removal Operations, 300 North Los Angeles Street, 7th Floor, Los Angeles, CA_ unless you are granted written permission to report on another date.

[ X ] That you assist the Immigration and Customs Enforcement, Detention & Removal Operations in obtaining any necessary travel documents.

[ X ] Other: _Comply with all parole requirements. You must report to California State Parole, Pasadena #2 Office, 333 E. Walnut, Pasadena, Ca 91101  (626)450-6250._

[ ] See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of ICE official)

_Michael Magee, Assistant Field Office Director, El Centro, California_
(Print name and title of ICE official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the English language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____
(Signature of ICE Official serving order)

_____
(Signature of Alien)

10/20/05
Date

Form I-220B(Rev. 4/1/97)N

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

| Continuation Page for Form: | **I-220B** |

| Alien's Name | File Number | Date |
|---|---|---|
| KANTRDZYHAN, AKOP JACK | A71 140 115 | 10/26/2005 |

Picture

_____
*Alien's Signature*

**Alien's Address**

10097 Tujunga Canyon

Tujunga, CA 91402

**RIGHT INDEX PRINT**

(818) 804-1281  / 818 951-5324
Alien's Telephone Number (if any)

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Signature | Title |
|---|---|
| G. Pacheco | **Deportation Officer** |

U.S. Department of Homeland Security
Immigration and Customs Enforcement

**Order of Supervision-Addendum**

File No:  A71 140 115

Date:  10/20/05.

Name:   KANTRDZYHAN, Akop Jack

[X] That you, do not associate with known gang members, criminal associates, or be associated with any such activity.

[  ] That you register in a substance abuse program  within 14 days and provide the INS with written proof of such within 30 days.  The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.

[  ] That you register in a sexual deviancy counseling program within 14 days and provide the INS with written proof of such within 30 days.  You must provide the INS with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[  ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide the INS with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Supervision.

[X] That you report to any parole or probation officer as required within 5 business days and provide the INS with written verification of the officers name, address, telephone number, and reporting requirements.

[  ] That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.

[X] That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X] That you provide ICE with written responses from the Embassy or Consulate regarding your request.

[X] Any violation of the above conditions may/will result in revocation of your employment authorization document.

[X] Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.

[  ] Other.



1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                   UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN                )        Case No. 08cv0001-LAB (RBB)
                                    )
11                  Petitioner,     )
                                    )        NOTICE OF REVOCATION OF RELEASE
12        v.                        )
                                    )
13  MICHAEL CHERTOFF, Secretary of the )
    Department of Homeland Security, et al., )
14                                  )
                    Respondents.    )
15  _____ )

16

17

18

19

20

21                          EXHIBIT N

22

23

24

25

26

27

28

Office of Detention and Removal Operations
San Diego Field Office

**U.S. Department of Homeland Security**
880 Front Street, Room 2242
San Diego, CA 92101



## U.S. Immigration and Customs Enforcement

KANTRDZHYAN, Akop Jack                                    May 9, 2007
C/O Centinela Correctional Facility
CDC# P05621 A71 140 115
2302 Brown Road
Imperial, California, 92251

### Notice of Revocation of Release

This letter is to inform you that your case has been reviewed and determined that you will be kept in the custody of U.S. Immigration and Customs Enforcement (ICE) once you parole/discharge from state prison. This decision has been made based on a review of your file and/or your personal interview, in light of your failure to abide by one or more conditions of your prior order of supervision dated October 26, 2005.

You returned to CDC custody after you your parole was revoked on September 9, 2006. Therefore this conviction violates your parole conditions. The decision to revoke your prior order of supervision and take you into ICE custody on your parole/discharge date stems from the fact that this is a new conviction.

Based on the above, and pursuant to 8 CFR 241.4, you will be taken into ICE custody upon your parole/discharge from state prison and remain in ICE custody. You will promptly be afforded an informal interview once in ICE custody and be given an opportunity to respond to the reasons for the revocation. If you are not released after the informal interview, you will receive notification of a new review, which will occur approximately three months from the date of this notice.

You are advised that you must demonstrate you are making reasonable efforts to comply with the order of removal, and are cooperating with ICE's efforts to remove you. You are also advised that any willful failure or refusal to make a timely application in good faith for travel (or other documents for your departure), and any conspiracy or actions to prevent your removal or to obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____                    5/15/7
Signature and Title of Deciding Official                    Date

1    KAREN P. HEWITT
     United States Attorney
2    RAVEN NORRIS
     Assistant U.S. Attorney
3    California State Bar No. 232868
     Office of the U.S. Attorney
4    880 Front Street, Room 6293
     San Diego, California 92101-8893
5    Telephone: (619) 557-7157
     E-mail: Raven.Norris@usdoj.gov
6
     Attorneys for Respondents
7

8               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10    AKOP KANTRDZHYAN        )    Case No. 08cv0001-LAB (RBB)
                           )
11            Petitioner,      )
                           )    2007 RECORD OF
12       v.                  )    DEPORTABLE/INADMISSIBLE ALIEN
                           )
13    MICHAEL CHERTOFF, Secretary of the )
     Department of Homeland Security, et al., )
14                           )
           Respondents.    )
15    _____ )

16

17

18

19

20

21                                EXHIBIT O

22

23

24

25

26

27

28

U.S. Department of Justice
Immigration and Naturalization Service

Subject ID : 260952673

**Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|---|
| KANTRDZHYAN, Akop Jack | | | | | M | BLK | BRO | LGT |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| ARMENIA | 1381763 | Case No:SND0705000188 A071140115 | | 66 | 190 | LABORER |

U.S. Address
CENTINELA STATE PRISON 2302 BROWN ROAD  IMPERIAL, CALIFORNIA, 92251,

Scars and Marks: TATTOO, FULL BODY

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at |
|---|---|
| 08/19/1992, Unknown Time, LOS, PAROLEE (LA6) | |

F.B.I. Number: 104496XA7

☐ Single  ☐ Divorced  ☒ Married  ☐ Widower  ☐ Separated

Number, Street, City, Province (State) and Country of Permanent Residence

Method of Location/Apprehension: CST 520.3

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| 03/09/1979      Age: 28 | | 05/07/2007 | SND/SND | Imperial, California | 05/04/2007 1000 |

| City, Province (State) and Country of Birth | AR ☒ | Form x: (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| YERERVAN, ARMENIA | | | STEPHEN J. PRENDERGAST |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | AKOP JACK KANTRDZHYAN | Parolee | IN INSTITUTION |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | 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 | NOT APPLICABLE |

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | See Narrative |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| See Spouse info in Narrative | 1 UNITED STATES |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Father info in Narrative | See Mother info in Narrative |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | INS Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | R2A3 |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended.  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation.  Indicate means and route of travel to interior.)


SPOUSE NAME & ADDRESS
---------------------
 Nationality:UNITED STATES, GHEYVANDIAN-GHARGHAN, Salin
8150 KESTER AVENUE #64
PANORMA, CALIFORNIA, 91402,

FATHER NAME & ADDRESS
---------------------
 Nationality:UNITED STATES KANDRJYAN, Vardan Akopovic
635 E. CHESTNUT STREET
GLENDALE, CALIFORNIA, 91205,

MOTHER's NAME & ADDRESS
--------------------------
 Nationality:ARMENIA GADYAN, Asmik Sarkisovn 635 E. CHESTNUT STREET , GLENDALE, CALIFORNIA, 91205,

RECORDS CHECKED
---------------
CIS Pos
NCIC Pos ...(CONTINUED ON I-831)

STEPHEN J. PRENDERGAST
DEPORTATION OFFICER

| Alien has been advised of communication privileges | (Date/Initials) | (Signature and Title of INS Official) |
|---|---|---|

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| AFILE | Officer: STEPHEN J. PRENDERGAST |
| DACS | on: May 7, 2007 at 1000 |
| STATS | Disposition: Warrant of Arrest/Notice to Appear |
| | Examining Officer: LUZ TANORI-AMARILLAS |

Form I-213 (Rev. 4/1/97) Y.

**U.S. Department of Justice**
Immigration and Naturalization Service                    **Continuation Page for Form** I213

| Alien's Name<br>**KANTRDZHYAN, Akop Jack** | File Number<br>A071140115<br>Event No: SND0705000188 | Date<br>**05/07/2007** |
|---|---|---|

```
Record of Deportable/Excludable Alien:
CDC NAME:  KANTRDZYAN, AKOP
CDC #:  P05621
CRIME:  THEFT PC-484E(d) AND IDENTITY THEFT PC-530.5(a)
COURT:  CALIFORNIA SUPERIOR COURT FOR LOS ANGELES COUNTY
DATE OF CONVICTION:  SEPTEMBER 29, 2004
SENTENCE IMPOSED:  16 MONTHS IN PRISON
EXPECTED RELEASE DATE:  JULY 16, 2007
PRIOR REMOVALS:  APRIL 2, 2001, SAN PEDRO, CALIFORNIA
PRIOR O/S:  OCTOBER 26, 2005 EL CENTRO, CALIFORNIA
ENTRY STATUS:  PAROLEE (LA6)
FINS #:  9578051
```

KANTRDZHYAN, Akop Jack A71 140 115 was encountered and interviewed at the Centinela State Prison on May 3, 2007. KANTRDZHYAN told me that he is a citizen and national of Armenia who was born in Yerevan, Armenia. KANTRDZHYAN also told me that he does possess the proper immigration status that allows him to permanently reside in the United States. Record checks show that KANTRDZHYAN is a Lawfully Admitted Permanent Resident of the United States with a classification of LA6. KANTRDZHYAN was granted this status on August 19, 1992, in Los Angeles, California.

KANTRDZHYAN stated that both of his parents are naturalized citizens of the United States. Record checks show that his father, Vardan KANDRJYAN A71 140 114, became a United States Citizen on March 20, 2001. KANTRDZHYAN's mother, Asmik GADYAN A71 140 113, is a Lawfully Admitted Permanent Resident of the United States with a classification of LA6. Do to the fact that KANTRDZHYAN was over the age of 18 when his father naturalized, KANTRDZHYAN does not derive citizenship from his father.

On April 2, 2001, KANTRDZHYAN was ordered removed from the United States. Travel documents could not obtained for KANTRDZHYAN and on October 26, 2005, he was released from El Centro, California on an Order of Supervision.

KANTRDZHYAN has several prior felony convictions. The most recent conviction if for Theft PC-484e(d) and Identity theft PC-530.5(a). These conviction were rendered on September 29, 2004, in the California Superior Court for Los Angeles County. KANTRDZHYAN is back in the custody of the California Department of Corrections for a parole violation.

KANTRDZHYAN will be taken back into custody upon his release from the California Department of Corrections so that Immigration and Customs Enforcement can try and obtain travel documents from ARMENIA.

| Signature<br>STEPHEN J. PRENDERGAST | Title<br>DEPORTATION OFFICER |
|---|---|

Form I-831 Continuation Page (Rev. 6/12/92)

08cv0001_00073

**U.S. Department of Justice**

Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

| Subject ID : 260952673 |
| --- |
| Event No: SND0705000188<br>File No. A071 140 115 |
| Date: May 7, 2007 |

| To: (Name and title of institution)<br>CENTINELA STATE PRISON<br>2302 BROWN ROAD<br>IMPERIAL, CA 92511 | From: (INS office address)<br>SAN DIEGO, CA, DOCKET CONTROL OFFICE<br>U.S. IMMIGRATION & CUSTOMS ENFORCEMENT<br>DETENTION AND REMOVAL OPERATIONS<br>SAN DIEGO, CA 92101 |
| --- | --- |

Name of alien: KANTRDZHYAN, Akop Jack

Date of birth: 03/09/1979            Nationality: ARMENIA            Sex: M

## You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
(Date)

☒ Deportation or removal from the United States has been ordered.

## It is requested that you:

Please accept this notice as a detainer.  This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work, and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien.  You may notify INS by calling ___7603378105___ during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.   ☐ A self-addressed stamped envelope is enclosed for your convenience.   ☐ Please return a signed copy via facsimile to _____
(Area code and facsimile number)

Return fax to the attention of _____, at _____
(Name of INS officer handling case)              (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____ .

___STEPHEN J. PRENDERGAST___                    ___DEPORTATION OFFICER___
(Signature of INS official)                                    (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: _____    Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev. 4-1-97)N

U.S. Department of Justice

Immigration and Naturalization Service

**Warrant for Arrest of Alien**

File No. <u>A071 140 115</u>
Event No: <u>SND0705000188</u>

FINS #:

Date: <u>May 7, 2007</u>

**To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

<u>Akop Jack KANTRDZHYAN</u>

(Full name of alien)

an alien who entered the United States at or near <u>Los Angeles, California</u> on

(Port)

<u>August 19, 1992</u> is within the country in violation of the immigration laws and is

(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and

Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

(Signature of authorized INS official)

**LUZ TANORI-AMARILLAS**

(Print name of official)

**SUP. DETENTION DEPORTATION OFFICER**

(Title)

---

**Certificate of Service**

Served by me at <u>Imperial, CA</u>    on    <u>JUL 16 2007</u>    at    <u>08:00am</u>    .

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

(Signature of officer serving warrant)

(Title of officer serving warrant)

Form I-200 (Rev. 4-1-97)N

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Custody Determination

Akop Jack KANTRDZHYAN

Event No: SND0705000188
File No: A071 140 115
Date: 05/07/2007

CENTINELA STATE PRISON
2302 BROWN ROAD
IMPERIAL, CALIFORNIA 92251

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.
☐ released under bond in the amount of $_____.
☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.
☒ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

LIZ TINORI AMARILLAS
(Signature of authorized officer)

SUP. DETENTION  DEPORTATION OFFICER
(Title of authorized officer)

Imperial, California
(INS office location)

☐ I do   ☒ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

(Signature of respondent)

JUL 16 2007
(Date)

---

### RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ District Director    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.         ☐ Release - Order of Recognizance
☐ Detain in custody of this Service.                 ☐ Release - Personal Recognizance
☐ Bond amount reset to _____               ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97)N

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN                    )    Case No. 08cv0001-LAB (RBB)
                                        )
11              Petitioner,             )
                                        )    2007 DECISION TO CONTINUE DETENTION
12       v.                             )
                                        )
13  MICHAEL CHERTOFF, Secretary of the  )
    Department of Homeland Security, et al., )
14                                      )
                Respondents.            )
15  _____ )

16

17

18

19

20

21                          EXHIBIT P

22

23

24

25

26

27

28



~~ce~~ of Detention and Removal Operations
~~San D~~iego Field Office

**U.S. Department of Homeland Security**
880 Front Street
San Diego, California 92101

## U.S. Immigration and Customs Enforcement

KANTRDZHYAN, Akop Jack                                    A71 140 115
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400
San Diego, California 92158

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

*An Immigration Judge has ordered you removed from the United States to Armenia. ICE has been unsuccessful in affecting that removal order due to past travel document denials from the Armenian and Russian Consulates. ICE is in possession of a document (Copy of expired passport), which shows your Armenian citizenship and is continuing efforts to secure a travel document to affect your removal. Furthermore, you have repeatedly failed to abide by conditions of release, having been released from ICE custody on at least three occasions. You have demonstrated a pattern of criminal behavior that constitutes elements of a "danger to the community". Based on your past convictions and continuing removal efforts through ICE Headquarters in Washington D.C., it is recommended that you remain in custody at this time.*

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by February 4, 2008, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____                    _____
Signature and Title of Deciding Official              Date

**Decision of Post Order Cu      ly Review – Detain**

KANTRDZHYAN, Akop Jack                                              A71 140 115

Page 2

---

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

     (a)    _RUBEN H. PRATT_ , _ICA_ ,

                 Name of ICE Officer                 Title

certify that I served _KANTRDZHYAN, AKOP_ with a copy of

                         Name of detainee

this document at _CCA / ODF_ on _10/30/07_ at _1400_ .

                   Institution             Date         Time

     (b)    I certify that I served the custodian _RUBEN H. PRATT_ ,

                                      Name of Official

_ICA_ , at _CCA / ODF_ , on

   Title                           Institution

_10/30/07_ with a copy of this document.

     Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

         I _____ , _____ , certify

               Name of ICE Officer                  Title

that I served _____ and the custodian _____ ,

             Name of detainee                     Name of Official

with a copy of this document by certified mail at _____ on _____ .

                                   Institution             Date

( ) cc: Attorney of Record or Designated Representative

( ) cc: A-File

1 | KAREN P. HEWITT
United States Attorney
2 | RAVEN NORRIS
Assistant U.S. Attorney
3 | California State Bar No. 232868
Office of the U.S. Attorney
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-7157
E-mail: Raven.Norris@usdoj.gov
6
Attorneys for Respondents
7

8 | UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

9

10 | AKOP KANTRDZHYAN )          Case No. 08cv0001-LAB (RBB)
                              )
11 |              Petitioner,  )
                              )
12 |       v.                  )          DECLARATION OF YURIY MIKHAYLOV
                              )
13 | MICHAEL CHERTOFF, Secretary of the )
Department of Homeland Security, et al., )
14 |                           )
                Respondents.  )
15 | _____ )

16

17

18

19

20

21 |                          EXHIBIT Q

22

23

24

25

26

27

28

## DECLARATION OF YURIY MIKHAYLOV

1.  I am a Detention and Deportation Officer (DDO) in the Travel Document Unit (TDU) with the Headquarters' Office of Detention and Removal Operations (DRO), U.S. Immigration and Customs Enforcement (ICE), within the Department of Homeland Security in Washington, D.C.   I have worked with the TDU Unit since October 2006.

2.  My present duties include development of policy and regulations relating to the enforcement of final orders of deportation and the removal of criminal aliens from the United States.  As part of my duties, I regularly communicate with foreign embassy representatives to obtain travel documents for the removal of aliens with final orders of removal.  In my current position, I am familiar with the procedures for the repatriation of Armenian nationals.

3.  This declaration is based upon my personal knowledge, information obtained from other individuals employed by ICE, as well as information obtained from records maintained by ICE.

4.  As the DDO, I am familiar with the case of Akop Jack Kantrozyan, A71 140 115, who was ordered removed from the United States by an Immigration Judge on April 4, 2001.

5.  Mr. Kantrozyan was required to assist the field office in acquiring a travel document.  He did not produce an original passport but did produce a copy of his Russian passport. The field was having difficulty receiving a travel document because the Embassy questioned Mr. Kantrozyan's Armenian citizenship.

6.  On or about October 15, 2007, I received a request for assistance on the Kantrozyan matter from the field office.

7.  I obtained evidence of Mr. Kantrozyan's citizenship from the field office.  A copy of his Russian passport with an Armenian registration stamp in it was provided.  Armenia is a country where the Consul cannot issue a travel document based on copies without the approval of authorities within the Ministry of Foreign Affairs in Armenia.

8.  On October 15, 2007, I first contacted the Consul at the Embassy of Armenia to inquire about the travel document for Mr. Kantrozyan.  During the course of communication, the Consul indicated that the request for travel documents was sent to the Armenian Ministry for approval in December.  I have asked for and received updates that the travel documents are still being reviewed.

9.  Since December 2007, I have been in contact, either through the telephone or personal visits to the Embassy, at least five times in relation to Mr. Kantrozyan's case.

10. My most recent communication, of which a true and correct copy is attached as Exhibit R, was with Ms. Armelia Shakaryan, Consul, on February 20, 2008 where the Consul stated that because the Armenian Presidential Elections were on February 19, 2008, the government is extremely busy and that she would get back to ICE as soon as possible.

11. It is my experience almost all of the Armenians with a Russian passport and an Armenian Consulate registration stamp in that passport are repatriated to Armenia.  It has been my experience that once citizenship is verified, Armenia is very efficient in

issuing a travel document within a timely manner and there are no issues in removing subjects to Armenia. I am confident that a travel document will be issued.

12. Once a travel document is issued, removal can be effected promptly.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief and based upon records maintained in the ordinary course of business.

Executed this 26th day of February 2008 in Washington, D.C.

Yuriy Mikhaylov
DDO
Travel Document Unit
DHS/ICE-HQ

1 │ KAREN P. HEWITT
     United States Attorney
2 │ RAVEN NORRIS
     Assistant U.S. Attorney
3 │ California State Bar No. 232868
     Office of the U.S. Attorney
4 │ 880 Front Street, Room 6293
     San Diego, California 92101-8893
5 │ Telephone: (619) 557-7157
     E-mail: Raven.Norris@usdoj.gov
6 │
     Attorneys for Respondents
7 │
8 │                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA
9 │
10 │ AKOP KANTRDZHYAN                    )        Case No. 08cv0001-LAB (RBB)
                                         )
11 │            Petitioner,              )
                                         )        E-MAIL REGARDING STATUS UPDATE
12 │      v.                             )        FOR KANTROZYAN
                                         )
13 │ MICHAEL CHERTOFF, Secretary of the )
     Department of Homeland Security, et al., )
14 │                                     )
                Respondents.             )
15 │ _____)

16 │

17 │

18 │

19 │

20 │

21 │                            EXHIBIT R

22 │

23 │

24 │

25 │

26 │

27 │

28 │

| | |
|---|---|
| **From:** | Mikhaylov, Yuriy [ymikhayl@fins3.dhs.gov] |
| **Sent:** | Wednesday, February 20, 2008 8:15 AM |
| **To:** | Pineiro, Marlen; Cyr, Tammy |
| **Cc:** | Bretz, John C; Miller, Alice M |
| **Subject:** | FW: FW: TD status update for Kantrozyan, A71 140 115 |

**Importance:**     High

FYI

-----Original Message-----
From: Armella Shakaryan [mailto:A.Shakaryan@mfa.am]
Sent: Wednesday, February 20, 2008 11:11
To: Mikhaylov, Yuriy
Subject: Re: FW: TD status update for Kantrozyan, A71 140 115

Yuriy,

The first request regarding this case I have sent to Armenia in December.
Then after you told me the circumstances during your last visit to the Embassy I have sent the second one stating the things you told me. I am still waiting for their response, I will inform you as soon as I have anything. I will try to call them at the end of the week. Our presidential elections took place yesterday and today they are very busy, the opposition is very active and trying to annul the results.


Regards,
Armella
*****************************************

Armella Shakaryan
Consul

Embassy of the Republic of Armenia
2225 R Street NW
Washington DC 20008
Tel: (202) 319-1976
Fax: (202) 319-8330



-----Original Message-----
From: "Mikhaylov, Yuriy" <yuriy.mikhaylov@dhs.gov>
To: "Armella Shakaryan" <A.Shakaryan@mfa.am>
Date: Tue, 19 Feb 2008 15:15:01 -0500
Subject: FW: TD status update for Kantrozyan, A71 140 115

> Armella,
>
> I hope you had a good weekend. I was wondering if you have any news
> whatsoever on this case. I would really appreciate if you respond on
> it as soon as possible.
>
> Thanks,
>
> Yuriy B. Mikhaylov
> Travel Document Unit

1

> Headquarters, Detention and Removal
> U.S. Immigration and Customs Enforcement United States Department of
> Homeland Security 800 "K" STREET, NW - Suite 650 WASHINGTON, DC 20536
> 202.732.1167 tel | 202.732.1173 fax |
>
>
>
>
>

2

08cv0001_00085

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN              )      Case No. 08cv0001-LAB (RBB)
                                  )
11              Petitioner,       )
                                  )      2008 DECISION TO CONTINUE DECISION
12        v.                      )
                                  )
13  MICHAEL CHERTOFF, Secretary of the )
    Department of Homeland Security, et al., )
14                                )
                Respondents.      )
15  _____ )

16

17

18

19

20

21                        EXHIBIT S

22

23

24

25

26

27

28

*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
800 K Street, NW
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

KANTROZYAN, Akop Jack                                    A71 140 115
C/O ICE Detention & Removal
San Diego Field Office

### Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has
reviewed your custody status and that you will not be released from custody at this time. This
decision was based on a review of your file record and/or personal interview and consideration
of any information you submitted to ICE reviewing officials.

You are a native and citizen of Armenia. You entered the United States on August 19, 1992 as a
Refugee. You were ordered removed from the United States by an Immigration Judge on April
2, 1001. ICE is currently working with the Embassy of Armenia to obtain a travel document to
effect your removal from the United States. ICE expects that a travel document will be issued
for you and that your removal will occur in the reasonably foreseeable future. Therefore, you are
to remain in ICE custody at this time. Pursuant to Section 241(a)(1)(C) of the Immigration and
Nationality Act (INA), you are required to make timely and good faith efforts to obtain travel or
other documents necessary for your removal from the United States

This decision, however, does not preclude you from bringing forth evidence in the future to
demonstrate a good reason why your removal is unlikely. You are advised that you must
demonstrate that you are making reasonable efforts to comply with the order of removal, and that
you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to
effect your removal.

You are also advised that any willful failure or refusal on your part to apply in good faith for
Travel documents, or any actions or conspiracy on your part with others to obstruct the issuance
of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).


Marlen Pineiro                                          2/1/07
Signature of HQCMU Chief/Designated Representative       Date

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10  AKOP KANTRDZHYAN                    )    Case No. 08cv0001-LAB (RBB)
                                        )
11              Petitioner,             )
                                        )
12       v.                             )    ORDER GRANTING MOTION FOR
                                        )    RECONSIDERATION
13  MICHAEL CHERTOFF, Secretary of the  )
    Department of Homeland Security, et al., )
14                                      )
                Respondents.            )
15  _____ )

16

17

18

19

20

21                          EXHIBIT T

22

23

24

25

26

27

28

FILED

03 JUN -2 PM 3:52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KININE KIM, | CASE NO.   02CV1524-J (LAB) |
| | A25-289-140 |
| Petitioner, | |
| | **ORDER GRANTING MOTION** |
| v. | **FOR RECONSIDERATION** |
| JOHN ASHCROFT, ET AL. | |
| Respondents. | |

On August 5, 2002, Petitioner Kinine Kim, represented by counsel, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He challenged his custody by the Immigration and Naturalization Services ("INS") alleging that he has been indefinitely detained in violation of 8 U.S.C. § 1231(a)(6) and sought release from custody under the conditions of supervision set out in 8 U.S.C. § 1231(a)(3). The Court initially denied the Petition without prejudice as to refiling and later granted the refiled Petition and ordered that Petitioner be released on bond. Respondent timely filed its Motion to Alter or Amend the Judgment pursuant to Rule 59(a), (e). For the reasons set forth below, the Motion is granted, the renewed Petition for Writ of Habeas Corpus is denied and Respondent may continue to detain Petitioner. The Court grants Petitioner leave to refile his petition in six months if he has not been removed at that time and is able to plead facts sufficient to satisfy *Zadvydas v. Davis*,

- 1 -

02cv1524-J (LAB)

1 533 U.S. 678 (2001).

2 ***Background***[1]

3    Petitioner is a Cambodian national and refugee from Thailand who became a permanent

4 resident on February 10, 1983. The state of California convicted him of assault with a firearm

5 upon a person in violation of the California Penal Code § 245A(2); second degree burglary in

6 violation of California Penal Code § 459; and driving with a suspended/revoked driver's

7 license and failing to pay the $792 fine. When he filed his Petition on August 5, 2002, he had

8 been in the custody of the Immigration and Naturalization Service ("INS") since November

9 19, 2001 and had been the subject of a final order of removal since January 17, 2002.

10 Petitioner's January 22, 2002 request for a travel document from the Cambodian government

11 was denied on January 25, 2002. The Cambodian government denied the application because

12 it had no repatriation agreement with the United States. On March 22, 2002, the United States

13 and the Cambodian government signed a "Memorandum Between the Government of the

14 United States and the Royal Government of Cambodia for the Establishment and Operation

15 of a United States-Cambodia Joint Commission on Repatriation," (hereinafter

16 "Memorandum"), providing procedures for the repatriation of each other's nationals to their

17 home state. After the Memorandum was signed, Petitioner filed a new application for travel

18 documents on April 8, 2002. He was interviewed by Cambodian officials in early October

19 2002. At the time Petitioner filed, the Cambodian government had not decided whether to

20 repatriate him.

21    In its Answer to the Petition, Respondent requested a stay of the proceedings pending

22 the INS' review of Petitioner's circumstances to determine if there was a significant likelihood

23 of removal in the reasonably foreseeable future pursuant to interim rules that have since been

24 codified at 8 C.F.R. § 241.13. The Court found that although the six month period during

25 which detention is presumptively reasonable had passed, that Petitioner had not met his burden

26 of showing good reason why there is no significant likelihood of removal in the reasonably

---

27

28    [1]    These facts are set forth in the Court's Order Denying Petition Without Prejudice and

are reiterated here for convenience.

1  foreseeable future. The Court denied the Petition without prejudice as to refiling if, within 45

2  days, the Government of Cambodia had not responded or had denied repatriation.

3      Petitioner renewed his Petition after the 45 days had passed. This time, the Court

4  granted the Petition, stating that although the Untied States and Cambodian governments were

5  cooperating to repatriate Cambodian nationals detained by the INS, that

6          Respondent ha[d] not made a sufficiently strong showing that Petitioner's
           repatriation [was] likely in the foreseeable future given that Petitioner ha[d] been
7          in INS custody since November 19, 2001 and that his order of removal ha[d]
           been final since January 17, 2002.
8

9  *Order Granting Petition for Writ of Habeas Corpus* (March 3, 2003) at 2.

10     Respondent raises two distinct but related issues, contending that the Court

11 impermissibly shifted the burden of proof to the Respondent and that application of the correct

12 standard requires that the Petition be denied because "the passage of time alone is not

13 sufficient to require the release of an alien detainee." *Mem. of P & A.* at 2. According to

14 Respondent, the burden remains with the alien to *prove* that his removal is not significantly

15 likely in the foreseeable future." *Id.* (emphasis added). The Court acknowledges that its March

16 3, 2003 Order imprecisely recited the standard, but disagrees with Respondent's contentions

17 that the alien must *prove* that removal is not significantly likely in the foreseeable future and

18 that the length of detention alone is always insufficient to show that there is good reason to

19 conclude that there is no significant likelihood of removal in the reasonably foreseeable future.

20 The Court nonetheless agrees with Respondent that continued detention is authorized under

21 *Zadvydas*.

### *Discussion*

23     The Attorney General has the discretion to arrest and detain certain classes of aliens,

24 including those who like Petitioner, who are removable because they have been convicted of

25 specified crimes, pending a decision on whether the alien is to be removed from the United

26 States. 8 U.S.C. § 1226(a)(2), (c). Generally, an alien must be removed within 90 days of an

27 issuance of a final order of removal. 8 U.S.C. § 1231(a)(1). However, "under no circumstance

28 during the removal period" shall the Attorney General release an alien who has been found

1  inadmissible because he has committed certain crimes specified and defined in sections

2  1182(a)(2), (3) or section 1227(a)(2), (a)(4)(B). 8 U.S.C. § 1231(a)(2). In *Zadvydas v. Davis*,

3  533 U.S. 678 (2001), the United States Supreme Court rejected the Government's argument

4  that section 1226(a)(2) authorized indefinite detention and read into the section as implicitly

5  limiting an alien's post-removal period detention to a period reasonably necessary to bring

6  about that alien's removal from the United States. *Id*. at 690.

7        Contrary to Respondent's argument, *Zadvydas* does not impose on the alien the burden

8  of *proving* that his removal is not significantly likely in the foreseeable future. Rather,

9  *Zadvydas* creates a burden-shifting procedure setting forth the burdens of proof for when

10  removal is reasonably foreseeable. Once the presumptively reasonable six-month period of

11  detention has expired, the alien must "provide [ ] good reason to believe that there is no

12  significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701; *Xi v. United*

13  *States I.N.S.*, 298 F.3d 832, 840 (9th Cir. 2002). *Zadvydas* thus sets forth what the alien must

14  plead and does not impose an evidentiary burden. *Fahim v. Ashcroft*, 227 F. Supp.2d 1359

15  (2002)(holding that petitioner did not allege a significant likelihood that his removal is unlikely

16  in the foreseeable future). Once the alien has provided "good reason," the Respondent "must

17  respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *Xi*, 298

18  F.3d at 840. The burden is therefore on Respondent to produce admissible, credible evidence

19  concerning the likelihood of removal in the foreseeable future. While the Court did not

20  specifically define "reasonably foreseeable future," it did set some parameters that guide our

21  understanding of the phrase.  The alien must allege something more than that there is no

22  pending repatriation agreement and must consider the likelihood of successful future

23  negotiations, but the alien does not have to show "the absence of *any* prospect of removal."

24  *Id*. at 702 (emphasis in original).

25        The original Petition alleged that Petitioner had been in custody for longer than the

26  presumptively reasonable six month period and that it was not certain that he would be

27  removed in the reasonably foreseeable future because the Cambodian government had denied

28  travel documents for Cambodian detainees in San Diego because they, like Petitioner, were

1   born in Thailand, and because Cambodian government officials had informed Petitioner during

2   his interview that he was not likely to receive travel documents because he was born in

3   Thailand. The Petitioner lodged documents showing that the other Cambodians were denied

4   travel documents for reasons other than those alleged by Petitioner, and the Court found that

5   the alleged statements by the Cambodian government officials were inadmissible hearsay.

6   Respondent produced evidence showing that the United States and Cambodian governments

7   were making progress in arranging for the repatriation of Cambodian nationals. Specifically,

8   the two countries had entered into the Memorandum on March 22, 2002. Moreover, Petitioner

9   had been interviewed by Cambodian government officials. The Memorandum had already

10  resulted in the removal of a number of Cambodian nationals. Thus, there were no institutional

11  barriers to repatriation.

12      The Court denied the original Petition subject to renewal because "Petitioner has not

13  shown good reason why there is no significant likelihood of removal in the reasonably

14  foreseeable future." *Order Denying Petition for Writ of Habeas Corpus* (Dec. 6, 2002) at 5.

15  The amended Petition, filed on February 4, 2003, alleged that the Cambodian government had

16  still not responded to Respondent's request for travel documents for the Petitioner and that

17  Petitioner remained in custody. In other words, Petitioner argued that the passage of time alone

18  demonstrated that Respondents were not able to effectuate his repatriation in the reasonably

19  foreseeable future.

20      In response to Petitioner's allegations in the amended Petition, Respondent filed an

21  amended Return and new evidence in the form of a declaration by an INS official stating that

22  two additional groups of Cambodians had in fact been repatriated since the original Return was

23  filed. Respondent argued that the renewed Petition should be denied because "the process is

24  functioning and . . . there is [no] evidence that Petitioners in particular have been rejected by

25  the Cambodian government." *Amended Return* at 4. In a footnote, Respondent stated that

26  another flight had been scheduled to Cambodia, "demonstrating that the March 22, 2002

27  memorandum is producing significant results in terms of an established removal process." *Id.*

28  n. 4.

02cv1524-J (LAB)

08cv0001_00093

1    In *Fahim v. Ashcroft*, 227 F. Supp.2d 1359 (2002), another district court held that the

2    petitioner had not met his burden of alleging a significant likelihood that his removal is

3    unlikely in the foreseeable future. The facts of that case are strikingly similar to those here.

4    The petitioner "relie[d] on the bare fact that the Egyptian consulate ha[d] not yet issued any

5    travel documents for him despite the efforts of the INS to secure them" and on his family's

6    statement that the Egyptian consulate had not responded to their inquiries. *Id.* at 1365. The

7    petitioner alleged "that it is unknown whether the Egyptian government will ever issue the

8    requested travel documents." *Id.* The district court found that those bare allegations were

9    speculative and insufficient because they did not include allegations of institutional or

10   individual barriers to repatriation. Evidence showed that Egypt was in fact repatriating

11   nationals and "the lack of visible progress since the INS requested travel documents from the

12   Egyptian government" was not sufficient to show no significant likelihood of removal in the

13   foreseeable future.

14   In reaching its conclusion, the *Fahim* court relied heavily on the rationale set forth in

15   an opinion issued from this district. *See Khan v. Fasano*, 194 F. Supp.2d 1134 (S.D. Cal.

16   2001)(Keep, J.). *Khan* held that new information presented in support of a motion for

17   reconsideration showed that progress was being made for the petitioner's deportation and that

18   institutional barriers were therefore not present. *Id.* at 1136. The court rejected petitioner's

19   argument that the lack of visible progress showed that there are individual barriers. In the

20   court's view, the lack of visible progress "simply show[ed] that the bureaucratic gears of the

21   INS are slowly grinding away. Progress, however slow, is being made on his individual case:

22   travel documents have been requested and there is scheduled a meeting with the Pakistani

23   Consulate to discuss [petitioner's] status." *Id.* at 1137. The court also noted that the newly-

24   formed HQPDU, as a specialized unit within the INS, was entitled to significant deference

25   from the judiciary." *Id.*

26   / / /

27   / / /

28   / / /

08cv0001_00094

1    Both the *Khan* and *Fahim* courts contrasted the facts of their cases with those of the

2  petitioners in *Zadvydas*. In *Zadvydas*, the Supreme Court addressed a situation where the

3  petitioners were nationals of countries with which the United States had no repatriation

4  agreement and the petitioners "faced detention that appeared to be 'indefinite and potentially

5  permanent.'" *Khan*, 194 F. Supp.2d at 1136; *Fahim*, 227 F. Supp.2d at 1366. There was,

6  therefore, "virtually no hope of repatriating [them] back to [their] native land[s]." *Fahim*, 227

7  F. Supp.2d at 1366.

8    This Court agrees with the *Khan* and *Fahim* courts that evidence of progress, albeit slow

9  progress, in negotiating a petitioner's repatriation will satisfy *Zadvydas* until the petitioner's

10  detention grows unreasonably lengthy.[2] At some point in time, however, lengthy detention

11  demands almost immediate repatriation or release on bond. What "counts as the 'reasonably

12  foreseeable future'" shrinks as the period of prior postremoval confinement grows. *Zadvydas*,

13  533 U.S. at 401. While the Court is unable to say precisely when detention becomes

14  unreasonably lengthy given the degree of certainty regarding removal, the Court is confident

15  that Petitioner's detention has not yet reached that point. Petitioner has been in custody

16  following his state prison sentence since November 19, 2001, or approximately one year and

17  four months at the time the Court granted the Petition. Petitioner's one year and four month

18  detention does not violate *Zadvydas* given Respondent's production of evidence showing that

19  the United States and Cambodian governments' negotiations are in progress and there is,

20  therefore, reason to believe that removal is likely in the foreseeable future.

21                              ***Conclusion***

22    For the reasons set forth below, the Motion for Reconsideration is GRANTED, the

23  renewed Petition for Writ of Habeas Corpus is DENIED and Respondent may continue to

24  detain Petitioner. The Court grants Petitioner leave to refile his petition six months from the

25

26    [2]    The Court notes that the *Khan* court concluded that the petitioner had failed to meet his

27  burden of providing good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future. *Khan*, 194 F. Supp.2d at 1137. This Court believes that conclusion

28  misstates the petitioner's burden, which is one of pleading not of proving.

08cv0001_00095

1    date stamped "Filed" on this Order if he has not been removed at that time and is able to plead

2    facts sufficient to satisfy *Zadvydas v. Davis*, 533 U.S. 678 (2001).

3        **IT IS SO ORDERED**.

4    DATED: June 2, 2003

5                                        NAPOLEON A. JONES, JR
                                         United States District Judge

6

7    cc:    All Parties

8           Robert Plaxico
            Office of the United States Attorney
9           Federal Office Building
            880 Front Street room 6293
10          San Diego California 92101-8893

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

02cv1524-J (LAB)