```
JAMES FIFE
California State Bar No. 237620
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone No. (619) 234-8467
Email: james_fife@fd.org
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. LARRY A. BURNS)

| | |
|---|---|
| AKOP KANTRDZHYAN,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>    Respondents. | Case No. 08CV0001-LAB (RBB)<br><br>DECLARATION OF COUNSEL IN SUPPORT OF APPLICATION FOR LEAVE TO FILE MOTION TO RECONSIDER |

I, James Fife, declare:

1. I am an attorney licensed to practice law in the State of California, in the United States District Court for the Southern District of California, and in the United States Court of Appeals for the Ninth Circuit.

2. As part of its general efforts to assist indefinite immigration detainees seeking release from custody, Federal Defenders of San Diego, Inc., is helping Petitioner, Akop Kantrdzhyan, to present his Petition for habeas corpus under 28 U.S.C. § 2241. I am an employee of Federal Defenders of San

Diego, Inc., and in such capacity, I assisted him by preparing and filing the Petition and Motion for Appointment of Counsel.

3. In the weeks prior to the filing of the Return, I was in contact with AUSA Raven Norris, counsel for Respondents, in an effort to settle this case by obtaining Petitioner's release on an order of supervision.

4. I informed counsel that Petitioner's family had been in contact with Armenian consular officials and was trying to secure documentation of Armenia's official refusal to accept Petitioner's repatriation. In particular, I was seeking documentation that Armenia categorically refused passports issued by a certain officer, who was not authorized to issue passports, and all such documents were considered invalid. Petitioner's replacement passport had been issued by this very official.

5. Counsel for Respondents requested that I provide her with copies of letters I received from the Armenian consulate, as these would assist her in seeking to settle the case prior to her need to respond to the Petition. I sent her copies of the consulate letters I received from Petitioner's relatives and from the Armenian Consul General in Los Angeles. Copies of these letters will be attached to the Motion for Reconsideration.

6. This Court originally ordered Respondents to show cause by February 15, 2008, but on February 13, 2008, Respondents filed an *ex parte* motion to extend time to file their Return. Counsel for Respondents consulted with me on this request, and informed me that she had not heard back whether ICE was willing to release Petitioner in light of the consulate's refusals, but that she might

have an answer within a week. On the basis that release on supervision may be imminent, I represented on behalf of Petitioner that an additional, one-week delay was not objectionable.

7. On February 25, 2008, counsel for Respondents informed me that ICE had declined to release Petitioner and that she would be filing a Return. The same day, this Court granted the motion for an extension of time. On February 26, 2008, Respondents filed their Return.

8. In the Return, Respondents allege that despite the repeated refusals of the Armenian consul, a contrary decision is likely to issue soon from the Armenian Ministry of Foreign Affairs, and that the seven-month delay in removing Petitioner is due to "communication problems" and because the entire Armenian bureaucracy is "very busy," due to a presidential election earlier this month.

9. What appeared originally as a cut-and-dried case of flat refusal to repatriate which was suitable for settlement has now become a matter of central factual dispute on whether there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. 678, 701 (2001). A dispute now exists over several issues, which will require discovery, independent investigation, and, perhaps, litigation at an evidentiary hearing. These issues include: (1) Whether ICE has exercised due diligence, when Respondents' own evidence indicates that no effort was made to contact the embassy until the statutory, 90-day removal period had lapsed, and no follow-up was conducted until the six-month Zadvydas period had nearly expired; (2) Whether the consulate's flat refusal to accept Petitioner's cancelled Soviet passport is properly a "communication problem," rather than a denial showing there is no significant likelihood of removal; (3) Whether the Ministry in

Armenia can or likely will contradict the settled decision of their own diplomatic mission to refuse travel documents; or (4) Whether there is any reasonable excuse for the excessive delay in removing Petitioner exceeding the Supreme Court's benchmark, for example, because of a presidential election in a country where the president is merely the head of state, and the executive functions are vested in a prime minister, the titular head of state having no day-to-day administrative functions, as in Canada, Germany, or the United Kingdom. See CIA, World Factbook–Armenia, https://www.cia.gov/library/publications/the-world-factbook/geos/am.html (updated Feb. 12, 2008).

10. The Return places many detailed, factual issues into dispute which may require a hearing to resolve, or at the very least, demand independent investigation and discovery, before Petitioner can respond fully and fairly in his Traverse. Because Respondents have contested Petitioner's showing of official refusal to repatriate, "more complex issues" have now arisen going well beyond the facts and law alleged in the Petition. This Court should–as it invited Petitioner to request in such an event–reconsider its original denial without prejudice and appoint counsel to assist in litigating the Petition.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters stated to be on information and belief, and as to those matters, I believe them to be true.

Executed this 29th day of February, 2008, at San Diego, California.

_____
JAMES FIFE
Declarant